# THE CHICAGO CITY RAILWAY COMPANY

*v.*

# M. C. JENNINGS.

*Filed at Ottawa June 15, 1895—Rehearing denied October 25, 1895.*

1. NEGLIGENCE—*degree of care required of grip-men at crossings.* Servants of a grip-car company are bound to take notice of the number of travelers at a street crossing, and exercise care demanded by the increased danger at that point.

2. PLEADING—*rule as to particularity with which negligence must be stated.* A pleader is required to state the facts constituting the negligence complained of, only so far as they appear to be properly within his knowledge.

3. SAME—*sufficiency of statement of negligence of grip-man in running motor.* A declaration that defendant's servants, in driving a cable motor, "so carelessly and improperly drove and managed the motor and train" that the same ran into plaintiff's carriage and injured him, is sufficient on special demurrer, without stating the particular facts constituting the negligence. *Chicago, Burlington and Quincy Railroad Co.* v. *Harwood,* 90 Ill. 425, and *Ohio and Mississippi Railway Co.* v. *People,* 149 id. 663, distinguished.

4. SAME—*sufficiency of allegation as to care by the plaintiff.* In such case, an allegation that plaintiff, "with all due care and diligence, was then and there riding in his carriage," is sufficient as to plaintiff's care, without stating whether the plaintiff or his servant was driving the carriage, and if the servant, whether the latter was free from negligence.

*Chicago City Railway Co.* v. *Jennings,* 57 Ill. App. 376, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE F. BLANKE, Judge, presiding.

WILLIAM J. HYNES, and LEE & LAWRENCE, for appellant:

With reference to praying for the relief desired by special demurrer, the Supreme Court has decided such to be the proper practice. *Railroad Co.* v. *Howard,* 38 Ill. 416; *Railway Co.* v. *People,* 149 id. 663.

In the *Howard case*, the court say that objection to a declaration of this character comes too late at the trial, and must be taken by demurrer.   *Holden* v. *Railroad Co.* 30 Vt. 297.

In general, whatever circumstances are necessary to constitute the cause of complaint or the ground of defense must be stated in the pleadings.   Facts only are to be stated, and not arguments or inferences of law.   *Railroad Co.* v. *Harwood*, 90 Ill. 425; *Strain* v. *Strain*, 14 id. 367; *Ayers* v. *Chicago*, 111 id. 406; *Funk* v. *Piper*, 50 Ill. App. 163; *Railway Co.* v. *People*, 149 Ill. 663; *Kilgore* v. *Ferguson*, 77 id. 213; *Daggitt* v. *Mensch*, 141 id. 395; *Hatch* v. *Peet*, 23 Barb. 583; *People* v. *Village of Crotty*, 93 Ill. 180; *Woodward* v. *O. R. & N. Co.* 18 Ore. 289; 1 Chitty's Pl. (16th ed.) 235.

Does this rule apply to an action of negligence?   In *Heilner* v. *Union County*, 7 Ore. 84, it was held, in an action for negligence in allowing a bridge to be out of repair, that the facts constituting the negligence should be averred.   *Hatch* v. *Peet*, 23 Barb. 575; *Field* v. *Railway Co.* 76 Mo. 614; *Edens* v. *Railroad Co.* 72 id. 213; *Alabama* v. *Burr*, 115 U. S. 413; *Holden* v. *Railroad Co.* 30 Vt. 297; *Bartlett* v. *Crozier*, 17 Johns. 457; *Maenner* v. *Carroll*, 46 Md. 193.

M. C. JENNINGS, *pro se.*

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an action brought by appellee, M. C. Jennings, against the Chicago City Railway Company, appellant, to recover damages for injuries to appellee's phaeton or buggy caused by a collision between it and a train of appellant's cars.   The declaration avers: "Plaintiff was riding in a certain carriage commonly known as a Goddard phaeton, then and there drawn by a certain horse upon and along the said street, Cottage Grove avenue. And the defendant was then and there possessed of a certain motor or grip-car used by said defendant to propel

certain passenger cars, known as street cars, along and on said Cottage Grove avenue, by means of a wire rope or endless cable, and the said motor-car had then and there attached thereto certain of said passenger cars, and which motor and train of said cars were then and there under the care and management of drivers, then servants of the defendant, who were then and there driving the same upon and along the said street, Cottage Grove avenue, near to or about where said Cottage Grove avenue intersects or meets Seventieth street of said city, as aforesaid, and while plaintiff, with all due care and diligence, was then and there riding in the said carriage along and on the said Cottage Grove avenue, at or near to where the latter meets Seventieth street, as aforesaid, upon the said public highway there, the defendant then and there, by its said servants, so carelessly and improperly drove and managed the said motor and train of cars, that by and through the negligence and improper conduct of the defendant, by its said servants in that behalf, the said motor and train of cars then and there ran into and struck, with great force and violence, upon and against the said carriage, and did by said force and violence then and there crush and destroy the said carriage, and render the same of no value whatever to plaintiff."

To this declaration a general and special demurrer were filed, grounds of special demurrer being that "the allegation that the defendant carelessly and improperly drove and managed its train of cars is vague, uncertain and indefinite, and fails to inform defendant wherein the negligence complained of consisted," and also that said declaration fails to set forth whether the plaintiff was driving personally or whether his servant had charge of the carriage in question, and, if the said carriage was driven by a servant, whether the servant was free from negligence.

The court overruled the demurrer, the defendant electing to stand by it. There was judgment by default for

$160, and an appeal to the Appellate Court, which rendered a judgment affirming the ruling of the court below. The Appellate Court granted a certificate of importance, and the case is here by appeal from the judgment of affirmance rendered by that court.

The charge, which the special demurrer makes against the declaration, is that of vagueness, uncertainty and indefiniteness and failure to state wherein the negligence complained of consisted. We are inclined to think, that the declaration is not justly subject to the criticism made upon it, and that, therefore, the trial court properly overruled the special demurrer to it. "A general statement of facts, which admits of almost any proof to sustain it, is objectionable." (1 Chitty on Plead. page 232). "Facts only are to be stated, and not arguments or inferences." (Id. page 213). But, in alleging a fact, "it is unnecessary to state such circumstances as merely tend to prove the truth of it." (Id. page 225). In other words, it is not only a rule of pleading, that the statement of facts must not be so general as to admit of almost any proof to sustain it, but it is also a "familiar rule of pleading, which forbids alleging the evidence." The two rules should be harmonized, and the two extremes which they respectively define should be avoided. (*J. M. & I. R. R. Co.* v. *Dunlap*, 29 Ind. 426). The facts must be set forth with certainty, that is to say, there must be "a clear and distinct statement of the facts which constitute the cause of action or ground of defense, so that they may be understood by the party who is to answer them, by the jury who are to ascertain the truth of the allegations, and by the court which is to give judgment." (1 Chitty on Plead. page 233).

We think, that the declaration in the case at bar sufficiently fulfills the requirements of the definitions thus given. The declaration alleges, that the defendant was possessed of a motor or grip-car, which had passenger or street cars attached to it; that it used this grip-car to propel the passenger cars along the street or avenue by

means of a wire rope or endless cable; that the motor or grip and cars were under the care and management of drivers, servants of the defendant, who were driving the same upon the street near to the place where it intersected another street; that the defendant by its said servants so carelessly and improperly drove and managed the motor and train, that, by the negligence and improper conduct of the defendant by its said servants, the motor and train ran into the carriage of the plaintiff, while the latter was riding with due care along the public highway near the intersection of the two streets. It is well known, that the grip-car is propelled, not only by the action of the driver on the car who has his hand upon the grip, but also by the operation of the machinery with which the cable is connected at a distant part of the line. It was the duty of the company to see to it that these appliances were reasonably safe, and that they were under the management of competent servants. The driver of the car should have the mechanical power propelling it under his control, and should so exercise this control as to avoid injury, if possible. The company has not the exclusive right to the use of the public streets, but only to the use of them jointly with the balance of the public, and, therefore, its servants must take notice of the numbers of travelers liable to be on the streets at street crossings, and must exercise the care demanded by the increased danger at such points. (Booth's Street Railway Law, secs. 304-307; 23 Am. & Eng. Ency. of Law, pages 1019-1024).

The declaration specifically charges, as the act of negligence for which the company was responsible, that the servants or drivers placed in control of the propelling power, which moved the cars, managed and drove the same carelessly and improperly, and that the collision at the crossing was due to their negligence "and improper conduct." Where a declaration charges, that the employees of a railroad company carelessly and negli-

gently run its train of cars over its road, it sufficiently states an act upon which the charge of negligence and carelessness is predicated.    (*C. H. & D. R. R. Co.* v. *Chester*, 57 Ind. 297).

The approved forms in the books of precedents seem to justify some generality in the averment of negligence; that is to say, they do not require an allegation of all the particular facts constituting the negligence.    (*J. M. & I. R. R. Co.* v. *Dunlap, supra*).    Although Chitty, in the first volume of his work on pleading, deprecates a statement of facts which is too general in its character, yet in the second volume he prescribes a form of declaration, which has been followed almost literally by the appellee in framing the declaration in the case at bar.    (2 Chitty on Plead. pages 710, 711).    The declaration of appellee not only conforms to the precedent in Chitty, but also to the precedents set forth in the following books:    Yates on Pleadings, page 396; 1 Harris on Entries, page 351; 2 Humphrey on Precedents, pages 807, 808; 8 Wentworth on Pleadings, page 396.

Counsel say, that the precedents referred to are cases, where, in collisions between carriages on the highway, or between boats on the water, the driver of the horses fails to drive and manage them properly, or the pilot of the boat fails to steer it properly, but that such precedents have no application to the cars of a street railroad company, which move upon fixed rails and within a prescribed track, so as to be unable to get out of the way by moving to the right or left.    We do not regard the distinction as well founded.    The driver of the grip-car must be governed by established rules.    He must know how to manage the motor; he must not drive it at an unreasonable rate of speed; he must keep a reasonably careful look-out ahead; he must respect the equal rights of others to the use of the public streets.    How can the pleader know exactly what caused the failure of the company's servants to properly drive and manage the motor-car?

How can he know whether such failure resulted from the non-observance of one rule, or of another, or of all the rules? The failure may have been due to ignorance, or accident, or want of attention, or to some other cause known only to the company and its servants. It is a well settled rule, that the pleader is required to set out the particular facts constituting the negligence complained of, only so far as they appear to be properly within his knowledge. (*Young* v. *Lynch*, 66 Wis. 514; 5 Am. & Eng. Ency. of Law, page 351; *Cent. R. R. Co.* v. *Van Horn*, 38 N. J. L. 133). If the particularity demanded should be required in a case like the one at bar, then the precedents referred to, instead of charging generally, that the driver of the horse carelessly and improperly drove and managed him, or that the pilot of the. vessel improperly managed or steered it, should set out particularly whether the driver of the horse pulled the wrong rein or not, and, if he did, whether he did it through accident or ignorance of the art of driving, or whether the pilot of the ship turned the wheel or the rudder the wrong way or not, and, if he did, whether it was done by accident or through ignorance of the art of navigation. No such particularity is demanded.

Where the act, upon which the negligence is predicated, is of a simple character, an allegation of an absence of care in its performance becomes reasonably intelligible, and hence it is not necessary to specify particularly the circumstances. For example, in the form in 2 Chitty's Pl. 711, it is averred that the defendant's boat, by his "carelessness, mismanagement and want of care," struck plaintiff's vessel; and by this averment the defendant was sufficiently advised to be able to understand the case to be made against him. So, in a suit against a railroad company for causing the death of the intestate by carelessly and negligently running over him with a locomotive, the general averment, that "the defendant, by her agents and servants, did carelessly and

negligently run over," etc., was held to be sufficient, without stating the particular acts constituting such negligence. (*I.*, *P. & C. R. R. Co.* v. *Keely's Admr.* 23 Ind. 133; *Cent. R. R. Co.* v. *Van Horn*, *supra*).

In *Clark* v. *C.*, *M. & St. P. Ry. Co.* 28 Minn. 69, which was an action for damages, the complainant alleged that the defendant "by the culpable carelessness, negligence, unskillfulness and mismanagement of said defendants and their employees, wrongfully ran a locomotive, with a train of cars thereto attached" against plaintiff's horse and wagon, while lawfully traveling along the public highway; and it was there held, that, on demurrer, the complaint was sufficient, although it did not state the specific physical acts constituting the alleged negligence and carelessness. In the *Minnesota* case last referred to, which contains an able discussion of the subject, it is, among other things, said: "Therefore, it has been generally settled by precedent and authority, that a general allegation of negligence or carelessness, as applied to the act of a party, is not a mere conclusion of law, but is a statement of an ultimate fact allowed to be pleaded. Such a general form of pleading negligence seems to have been permissible in common law pleading."

In *Hawker* v. *B. & O. R. R. Co.* 15 W. Va. 628, the action was against a railroad company for negligently and wrongfully killing the plaintiff's cattle on its track; the declaration alleged that "the defendant negligently, carelessly and wrongfully caused a train of cars on its railroad to be propelled and driven upon the fat cattle of the plaintiff, whereby three of them were killed and seven others greatly bruised and injured;" and it was held that this allegation was sufficiently certain to meet the requirements of pleading, the court saying: "There was no necessity for the declaration to specify the acts of omission or commission which constituted the negligence of the defendant, which is the basis of the action. * * * It is neither usual nor necessary to specify the

acts or omissions of the defendant which constitute the negligence. This is a matter of proof and need not be specified in the declaration." (See, also, *Berns* v. *Coal Co.* 27 W. Va. 285; 5 Am. & Eng. Ency. of Law, page 351, note 4; *P., C. & St. L. Ry. Co.* v. *Hixon*, 110 Ind. 225).

In *Fitt's Admr.* v. *Waldeck*, 51 Wis. 567, where the complaint in the action charged, that the negligence of defendant's engineer caused the death of plaintiff's intestate, but did not state the precise act or omission, which caused the boiler to explode, it was held, that an averment, "that the engineer so recklessly, negligently and unskillfully managed the engine and boilers that one of the boilers exploded, and the intestate was thereby killed," was sufficient on demurrer; and it was also there said, that the plaintiff had only general knowledge or information on the subject, and made the averment as specific as he could.

It is claimed, however, that two decisions of this court sustain the contention here made that the declaration is insufficient upon special demurrer. One of these is *C., B. & Q. R. R. Co.* v. *Harwood*, 90 Ill. 425, and the other is *O. & M. Ry. Co.* v. *People*, 149 id. 663. In the *Harwood* case there were two counts in the declaration, and the general issue was pleaded to the whole declaration, so that the question here involved did not arise upon a demurrer to the declaration; and the remarks there made, with reference to objections to the admissibility of proofs on the ground of variance from the cause of action set forth in the declaration, were not necessary to a decision of the case. As a plea was filed to the declaration, its sufficiency was thereby admitted, and the question, whether the declaration would have been sufficient if it had been specially demurred to, was not in the case. Independently, however, of this consideration, it will be found, upon a comparison of the declaration in the *Harwood* case with that in the case at bar, that, while some of the phraseology is the same in both, yet they are materially different.

The declaration here is much fuller in its allegations, and charges the collision directly to the carelessness and mismanagement of servants who were driving and managing the grip-car, while there the charge in the declaration as quoted in the opinion is made against the company generally without reference to the conduct of the servants employed by it. Moreover, in the *Harwood* case, the defendant was a steam railroad company subject to special statutory regulations, a violation of which must be specially averred in the declaration. (*Woodward* v. *O. R. & N. Co.* 18 Ore. 289).

The other case of *O. & M. Ry. Co.* v. *People, supra,* has no application here. That was an action of debt to recover a penalty for a failure or neglect to ring a bell or sound a whistle for a distance of at least eighty rods from a road crossing. There were four counts in the declaration for four specific violations of the statute; and the declaration was held to be defective on special demurrer, because it did not describe the engines or trains referred to, and failed to show whether they were freight or passenger trains, or the time when the engines or trains passed over the crossing, or in what direction they were running. The action there was not for negligence, and consequently there could be no question as to whether an averment of negligence was too general or not.

The other ground of special demurrer, that the declaration fails to state whether the plaintiff was driving personally, or whether his servant had charge of the carriage, is without force. The declaration says: "while the plaintiff, with all due care and diligence, was then and there riding in the said carriage," etc. We regard this form of allegation as sufficient.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*