### West Chicago St. R. R. Co. v. Charles W. Williams.

1. STREET RAILWAYS—*Duty of Gripman.*—It is the duty of the gripman operating a cable car in crowded city streets, to be on the lookout, to employ all reasonable means to avoid accidents, and to respect the equal rights of others to the use of the public streets. When injuries are inflicted because of negligence in these respects, the company becomes liable.

2. DAMAGES—*Where $1,500 is Not Excessive.*—Where the injuries inflicted consist of a running sore, a severe contusion of the flesh and bone of the leg, producing lameness likely to be permanent, cause pain in the chest and in the leg, the coughing and spitting of blood, and impair the injured man's capacity for the work by which he gains his daily bread, $1,500 is not excessive.

Action in Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed February 13, 1900.

VAN VECHTEN VEEDER, attorney for appellant.

GEORGE H. WHITE and ABRAM E. MABIE, attorneys for appellee.

Mr. Justice Freeman delivered the opinion of the court.

This is an action for personal injuries. Appellee was a passenger riding upon a cable car operated by the appellant. The alleged injury was caused by a collision of the car in question with a team attached to a beer wagon.

It is urged that appellant was not guilty of any negligence, and that the verdict to the contrary is against the weight of the evidence. The claim of appellant's counsel is that the wagon unexpectedly turned into the south bound or west track at a point about thirty feet in front of the cable car; that the latter was going at the rate of about eight miles an hour, at which rate it would traverse the thirty feet in about twelve seconds, " too short a time in which to stop a heavily loaded car on a wet, slippery track." The undisputed evidence tends to show that the beer wagon in question was drawn by four horses and heavily loaded. It was going north and was on the north bound, or east of the defendant's tracks. A north bound car coming up behind said wagon, the gripman rang his gong as a signal to the wagon to get out of his way. Thereupon the driver of the wagon turned his horses westward upon the west or south bound track, leaving the east track clear so that the north bound car thereon passed by. Almost immediately thereafter the collision occurred, an approaching south bound car, upon which appellee was a passenger, running into the horses and pole of the wagon. There is irreconcilable conflict in the testimony with regard to the distance of the car which caused the injury at the time the driver of the beer wagon began to turn his horses upon the west track on which said cable car was approaching. There is, however, testimony tending to show that the beer wagon with the four heavy horses covered a distance of from thirty-five to forty feet. It was not unreasonable for the jury to believe that to turn this team with its heavy load of several tons, out of the east track and place it squarely in front of the advancing car upon the west track, would take longer than twelve seconds; and that consequently, the car must have been considerably more than thirty feet away, when the gripman had notice or should have

had notice of the danger of collision. We can not say that the evidence did not warrant the jury in finding that the gripman was negligent in not stopping his car in time to avoid the accident. There is certainly considerable evidence tending to sustain such finding. We must regard the verdict as settling the questions of fact in view of the conflicting evidence. It is the duty of the gripman operating a cable car in the crowded city streets, to be on the lookout, to employ all reasonable means to avoid accidents of this kind, and to respect the equal rights of others to the use of the public streets. Chicago City Ry. Co. v. Jennings, 157 Ill. 274 (279). When injuries are inflicted because of negligence in these respects, the company becomes liable therefor.

Complaint is made of a modification by the court of an instruction requested by appellant's counsel, to the effect that as modified it was not limited to the issue raised by the pleadings. In this objection we can not concur. The question before the court and jury was whether or not the defendant or its servants were guilty of the negligence which caused the injuries, and we find no serious fault with the instruction to that effect. Nor do we find harmful error in the refusal by the court to give the instruction requested by appellant. The real controversy was as to the alleged negligence, not the experience of the gripman.

The jury returned a verdict for $2,000. By reason of a remittitur the judgment was rendered for $1,500. We can not say that where the injuries inflicted consisted of a running sore, a severe contusion of the flesh and bone of the leg producing lameness likely to be permanent; caused pain in the chest as well as the leg, and the coughing and spitting of blood, and impaired appellee's capacity for the work whereby he gains his daily bread, that $1,500 is excessive.

The judgment of the Superior Court must be affirmed.