## Chicago General Railway Co. v. Henry Kriz, for use, etc.

1. PRACTICE—*Assignability of Causes of Action.*—When a plaintiff attempts to assign a cause of action which is not assignable, the effect of his action, so far as the suit and recovery are concerned, is not aided by the fact that in the action are also embraced matters which, if standing alone, would be capable of transfer by assignment.

2. SAME—*Actions for Use of Another.*—Courts of law can only recognize the nominal plaintiff, although, as a matter of convenience, they will declare and protect the trust. The words " for the use of, etc.," are in no way for the benefit of the defendant, neither is he in any way interested in the declaration of use.

3. SAME—*Pleadings and Proofs—Admissibility of Evidence.*—A declaration alleging that " by reason of the injury plaintiff became sick, sore, lame and disabled," is sufficient to warrant the admission of evidence to show that the plaintiff suffered from rheumatism as a result of his injury, and that his hearing was impaired.

4. SAME—*What is Admissible Under a General Allegation of Neg-*

*ligence.*—Under a general allegation of negligence, evidence of a failure to give warning by ringing a bell or otherwise is properly admissible.

5. RES GESTÆ—*Failure to Give Warning by Ringing a Bell, When Admissible as:*—In an action for injuries sustained by reason of a collision of the plaintiff's wagon and a street car, where evidence of a failure to give warning of the approach of the car by ringing the bell is not available as a ground of liability, such failure may be shown as a part of the *res gestæ*, as bearing upon the exercise of care by the plaintiff in remaining upon the track while the car was approaching.

6. APPELLATE COURT PRACTICE—*Objections Not Raised in the Court Below.*—An objection that the names of certain jurors given in the bill of exceptions as returning the verdict, vary from the names of those impaneled and sworn to try the case, not made in the court below when the verdict was returned, and when the discrepancy might have been cured, can not be raised for the first time in this court.

**Trespass on the Case,** for personal injuries. Error to the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed March 25, 1901.

**Statement.**—This suit was brought by defendant in error for the use of B. J. Kriz, to recover damages alleged to have resulted from negligence of plaintiff in error. Defendant in error was driving a milk wagon upon Twenty-fifth street in the city of Chicago, and was upon one of the tracks of the plaintiff in error. While attempting to turn his horse out of the tracks, and while the wagon was still partially upon the tracks, a car of plaintiff in error approaching from behind, struck the wagon, and injured the wagon, the contents thereof, and defendant in error. For such damages as he had sustained by reason of the injuries to himself and to his property this action was brought.

The trial resulted in verdict and judgment against plaintiff in error, to reverse which this writ of error is prosecuted.

DEFREES, BRACE & RITTER, attorneys for plaintiff in error.

JONES & LUSK, attorneys for defendant in error.

MR. JUSTICE SEARS delivered the opinion of the court.

The first contention presented by counsel for plaintiff in

error is, that because of the fact that the suit is brought for the use of another, the judgment must be reversed. In this behalf it is argued that the decision in West Chicago St. Ry. Co. v. Lundahl, 183 Ill. 284, does not control, because there the suit was for personal injuries to the plaintiff only, and the right of action could not be assigned. Because in this case the suit is partly for damages to personal property, it is urged that to that extent the right of action was assignable, and hence, this being a recovery partly upon cause of action assignable and assigned, and partly for cause of action not assignable, the recovery must fail. We are of opinion that this contention of the learned counsel for plaintiff in error can not be sustained. If the right of recovery is in part not assignable, then the words " for the use of B. J. Kriz," wherever they occur in process and pleading, must be treated as surplusage. The reasoning of the Lundahl case, would, we think, equally well apply here. If the plaintiff attempted to assign that which was not assignable, the effect of his action, so far as the suit and the recovery are concerned, is not aided by the fact that in the action are also embraced matters which, if they stood alone, would be capable of transfer by assignment.

In the Lundahl case, Mr. Justice Wilkin, speaking for the court, said : " Courts of law can only recognize the nominal plaintiff, although as a matter of convenience they will declare and protect the trust." And, " The words 'for the use of Charles Hamill' are in no way for the benefit of the defendant, neither is it in any way interested in the declaration of use." This statement of the law is applicable and controlling in this case. The judgment here runs to the nominal plaintiff only, and not for the use of any other person.

It is also complained that the trial court erred in admitting evidence over objection, to show that the plaintiff below, defendant in error here, suffered from rheumatism as a result of the injury. The ground of objection is that the *narr.* does not allege specifically that the injury caused rheumatism, nor that the plaintiff was permanently in-

jured. We think the court ruled correctly in admitting the evidence. The allegation that by reason of the injury plaintiff became sick, sore, lame and disabled, and was prevented from attending to his affairs and business, is sufficient to warrant the admission of evidence in question. City v. Sheehan, 113 Ill. 658.

The same ruling and authority therefor applies to the admission of evidence to show that the memory of defendant in error was impaired.

It is also complained that the court erred in admission of the following evidence: A witness was asked, " Did you hear any warning?" To which she answered " No." The allegation of negligence in the *narr.* was a general charge of negligent and improper managing and driving of the motor-car against the plaintiff's wagon. There was no specific allegation of failure to give warning by ringing a bell or otherwise. We are of opinion, however, that under the general allegation of negligence the evidence was properly admitted. C. & W. I. R. R. Co. v. Jennings, 157 Ill. 274.

It was at any rate a part of the *res gestæ*, and even if a failure to ring the bell could not be availed of as a ground of liability, yet it could be shown as a part of the *res*, as bearing upon the exercise of care by plaintiff in remaining upon the track while a car was approaching from behind. If the evidence was competent for any purpose, its admission was proper and its effect could have been limited by appropriate instructions.

There was no error in admitting the opinions of witnesses as to speed. I. C. R. R. Co. v. Ashline, 171 Ill. 313; C. B. & Q. R. R. Co. v. Gunderson, 174 Ill. 495; Overtoom v. C. & E. I. R. R. Co., 181 Ill. 323.

The answer of witness that the car was going at a " real good speed " and " pretty swiftly," if of no great value as an accurate measurement of the actual rate of speed, could at least have worked no apparent prejudice to plaintiff in error.

This court has held that the qualification " terrible," by a witness in giving his opinion as to rate of speed, was

improper, and likely to prejudice the defendant railway company as conveying to the jury the disapproval by the witness of the rate of speed.   C. C. R. R. Co. v. Wall, 93 Ill. App. 411.

But the same reasoning does not here apply, for the answer here imports no such disapproval by the witness.

The court did not err in refusing the third, fourth and fifth instructions tendered by counsel for plaintiff in error. The third is inaccurate in statement of superior right of plaintiff in error, and calculated to mislead.   The fourth is abstract in form and is sufficiently covered by the first instruction given at request of plaintiff in error.   The fifth is bad as ignoring any negligence of plaintiff in error which might have operated as the proximate cause of the injury, in spite of the error in judgment as to a probable escape from such negligence.

Finally it is urged as a ground of reversal that the names of certain of the jurors given in the bill of exceptions as returning the verdict, vary from the names of the jurors impaneled and sworn to try the issues.   This objection was not presented in the court below when the verdict was returned and when the discrepancy could have been cured. It can not be now raised for the first time.   The judgment is affirmed.