## Illinois Central Railroad Co. v. Charles Aland.

1. RES GESTÆ—*Evidence, When Admissible as.*—The fact that evidence of the failure to ring a bell is incompetent as a basis of recovery because the plaintiff had failed to declare upon negligence in failing to give warning etc., does not necessarily warrant its exclusion when offered for any other proper purpose.

2. DAMAGES—*When $6,000 is Not Excessive.*—A workman was injured as the result of the failure of an engineer to give warning of the backing of his engine, which injury resulted in the loss of his foot and a part of his leg. *Held*, an award of $6,000 is not excessive.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed April 8, 1901.

**Statement.**—Appellee was employed by the J. L. Fulton Co. as a laborer in the work of constructing a wall for the appellant company, with which the Fulton Company had a contract. The wall was being constructed along the right of way of the appellant in the city of Chicago from

Twelfth street to Randolph street.   The duty of appellee was to mix concrete upon certain of the cars of the appellant, which were furnished by it to the Fulton Company under the contract.   Cars hauling sand, cement, and other materials used in the work, were brought each day by the appellant for use of the Fulton Company.   The concrete was mixed on top of flat cars.   It was the custom of some of the employes of the Fulton Company, upon quitting work at night to leave their tools and overalls in some one of the cars which were being thus used in the work, although there was a tool house where they might have been left. The concrete which appellee and others had to mix on top of the flat cars was being used at the time in question at Peck Court.   On the evening preceding the injury appellee left his shovel, when quitting work, upon one of the sand cars.   The morning of the injury he went to his work, proceeding south along the appellant's tracks from Van Buren street toward Peck Court.   At Harrison street, which is one block north of Peck Court, he came to the car upon which he had left his shovel.   He proceeded to get upon the car in order to get his shovel.   To that end he stepped upon the brake-beam between that car and another, and was standing either upon the brake-beam or upon the coupling-link, in the act of getting upon the sand car, when an engineer of appellant backed his engine, with several cars attached, against the standing cars.   Appellee was thereby jolted from his position and his foot was crushed between the cars.   The injury occurred about seven o'clock in the morning, the hour at which appellee returned to his work.   The evidence discloses that it was customary to move the cars at this time, in order to couple up a train to be moved to the place where the wall was being built, at Peck Court.   Upon this particular morning they had been switching cars there for twenty or thirty minutes.   It also appears that the engineer was aware that the employes of the Fulton Company were, to some extent, at least, in the habit of getting upon the cars at the point in question, viz., Harrison street, and before the cars were moved to the

place of work. The evidence shows that the cars were not brought together with any great force, but that the engine backed into them slowly and they were not moved more than a foot or two by the impact.

There is a conflict in the evidence as to whether a bell was rung upon the engine when it moved back. Evidence tending to show that no bell was rung, was admitted over objection of appellant.

The negligence counted upon in the *narr.* consists of negligently and carelessly moving and propelling an engine and freight cars with great force against the car which appellee was entering.

The trial resulted in a verdict for appellee, assessing his damages at $9,000: A remittitur of $3,000 was entered by appellee. From judgment upon the verdict for the remaining $6,000 this appeal is prosecuted.

W. A. HOWETT and H. G. COLSON, attorneys for appellant; J. G. DRENNAN, of counsel.

JAMES C. McSHANE and J. V. O'DONNELL, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

It is contended by counsel for appellant that the court erred in admitting evidence as to a failure to ring a bell or give other warning of the approach of the engine, because the *narr.* declares only upon negligence in moving the cars while appellee was about to enter the car in question, and does not specifically declare upon negligence in failing to give him warning. We are of opinion that the learned trial court did not err in admitting the evidence. Whether the evidence was competent as establishing a basis of recovery or not, it was at least competent as part of the *res gestae* and as bearing upon the exercise of due care by appellee in attempting to enter the car at that time. If it was incompetent as a basis of recovery because the appellee had not declared upon negligence in failing to give warning, yet this did not warrant its exclusion when offered for

other and proper purposes. If appellant had wished to raise the question now presented, it should have proffered an instruction limiting the effect of the evidence. C. G. Ry. Co. v. Kriz, 94 Ill. App. 277.

The instruction proffered was inapt for this purpose, for it went too far and directed the jury to altogether exclude from their consideration the evidence as to the ringing of the bell. This instruction could not be given, for the jury should have considered the evidence at least as bearing upon the exercise of care by appellee in attempting to board the car. Iroquois Fur Co. v. McCrea, 91 Ill. App. 342.

It is therefore unnecessary for us to determine whether the allegation of negligence here presented is a general allegation coming within the rule as announced in C. C. R. Co. v. Jennings, 157 Ill. 274, and in C. G. Ry. Co. v. Carroll, 189 Ill. 273, or an allegation of specific negligence, which would exclude proof of any other specific negligence. In either event the trial court did not err in admitting the evidence or in refusing the instruction.

We are also of opinion that the allegation of negligence is sufficient to sustain a recovery upon proof of a wrongful moving of the engine against the car which appellee was in the act of entering. The gist of the negligence is not merely a failure to warn, nor is it the force or violence with which the engine was moved. The negligence was in the moving of the engine against the car at all while appellee was in a position of peril. Whether the employe of appellant who moved the engine should have anticipated such peril of appellee by reason of knowledge of the custom of employes of the Fulton Company to enter the standing cars at that time and place, was a question for the jury.

The engineer testified: "I know that had been the custom. * * * Sometimes they got onto the cars and sometimes they didn't get on the cars."

The evidence shows that no attempt was made to discover if any one was thus in peril, before the engine was moved. McAndrews, the switchman, who gave the signal to the engineer to back up, testified: "I didn't see any

one between the cars before I gave the signal to back up."
He did not testify that he looked to see. Adamson, fore-
man of the Fulton Company, a witness called by appellant,
testified : "Any one could see these men, if they stood up."

We think that the question of appellant's negligence
was a question for the jury, and we can not say that the
verdict is manifestly against the weight of the evidence in
this regard. Nor can we say that the action of appellee in
climbing upon the brake-beam or coupling-link to get upon
the car establishes *per se* negligence upon his part. Others
were doing the same thing. Broughton, a fellow employe,
was standing in the car putting on his overalls when appel-
lee undertook to get upon the car. Appellee could not see
the engine approaching from where he stood, before get-
ting upon the car.

Adamson testified on behalf of appellant: "I don't
believe this man could have seen the engine. I couldn't
have seen it. You would have to be out from the track
twenty to twenty-five feet from where I was." He also
testified that when he learned that the train was ready to
move he had "told the boys there, and my nephew, to stay
in the car and go down to Peck Court with it." It does
not appear that appellee heard this direction or that he was
near enough to have heard it.

The injury sustained by appellee resulted in loss of his
foot and part of the leg. We can not agree with the con-
tention of counsel for appellant that the award of damages
as reduced by the remittitur is now for an excessive amount.

The whole matter of negligence of appellant and exer-
cise of care by appellee was properly for the jury to deter-
mine. No error in procedure appearing and the verdict
not being against the manifest weight of the evidence, we
affirm the judgment.