## Emma M. Slowey v. Village of Grand Ridge.

1. PLEADING—*The General Rule.*—The general rule in pleading requires a clear and distinct statement of the facts which constitute the cause of action or ground of defense, so that they may be understood by the party who is to answer them, by the jury who are to ascertain the truth of them, and by the court which is to give judgment upon them.

2. SAME—*To Set Out Particular Facts—Negligence.*—In actions for personal injuries resulting from some negligent act of the defendant, the pleader is required only to set out the particular facts constituting the negligence complained of, so far as they appear to be properly within his knowledge.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed April 11, 1901.

STRAWN & STRAWN and BREWER & STRAWN, attorneys for plaintiff in error.

BUTTERS & CARR, attorneys for defendant in error; LINCOLN & STEAD, of counsel.

MR. JUSTICE DIBELL delivered the opinion of the court.

Mrs. Emma M. Slowey brought suit in the court below against the village of Grand Ridge to recover damages for injuries alleged to have been sustained by her by a fall upon a sidewalk in said village. She filed an original declaration containing two counts, and defendant demurred to the second count. She then filed two additional counts. The court thereafter sustained the demurrer. Issues of fact were joined upon the first original and two additional counts. Upon a jury trial defendant was found not guilty and had judgment against plaintiff for costs. By this writ of error plaintiff seeks a reversal of said judgment.

1. The second original count charged that " said sidewalk was built or permitted to be built by said village in such an illy and dangerous shape and condition " that as " plaintiff was passing on foot over and along and on said

illy constructed sidewalk," while exercising due care, " by reason of the defective building or permitting to be built the aforesaid sidewalk in an illy and dangerous condition and careless manner," a plank tipped up and threw plaintiff down upon the sidewalk, " necessarily and unavoidably caused by the negligence and mismanagement of said defendant in building or permitting to be built such an illy constructed and dangerous sidewalk," and that " plaintiff by reason of said fall, so caused as aforesaid by reason of such dangerously constructed sidewalk," was injured. The demurrer to this count was special, assigning as causes of demurrer that it was nowhere alleged in said count how or in what manner said sidewalk was illy and dangerously constructed or permitted to be constructed, nor wherein defendant was negligent in constructing said sidewalk or permitting it to be constructed. It is the duty of the pleader to state facts. The ordinary rule requires " a clear and distinct statement of the facts which constitute the cause of action or ground of defense, so that they may be understood by the party who is to answer them, by the jury who are to ascertain the truth of the allegations, and by the court which is to give judgment." (1 Chitty's Pleading, p. 233.) That author recognizes on p. 234 that less certainty is requisite where the knowledge of the facts is peculiarly in the opposite party. A careful examination of the opinion in Chicago City Ry. Co. v. Jennings, 157 Ill. 274, will show that decision was based upon the exception just noted. The declaration there in question charged that the street railway company by its servants "so carelessly and improperly drove and managed the said motor and train of cars that by and through the negligence and improper conduct of the defendant by its said servants in that behalf, the said motor and train of cars then and there ran into and struck, with great force and violence, upon and against the said carriage," etc. The court there said :

" How can the pleader know exactly what caused the failure of the company's servants to properly drive and manage the motor car? How can he know whether such

failure resulted from the non-observance of one rule, or of another, or of all rules? The failure may have been due to ignorance, or to want of attention, or to some other cause known only to the company or its servants. It is a well settled rule that the pleader is required to set out the particular facts constituting the negligence complained of, only so far as they appear to be properly within his knowledge."

There the negligence was in some momentary act or omission which plaintiff could not see or know. Here the sidewalk was a permanent structure, not built by the village, and it was within plaintiff's power to ascertain and give a full description of the defects in its construction. Before the court below decided the demurrer, plaintiff in her second additional count set out in minute detail the particulars of the supposed defective construction of the walk, showing she was able to ascertain and state them. We hold the demurrer was properly sustained.

2. Plaintiff claims that under the second additional count she was entitled to recover for her injuries because of the defective construction of the walk; but the trial court, by refusing instructions offered by plaintiff and by giving instructions asked by defendant, required that in order to recover she must show that the sidewalk was out of repair when she was injured; that she was injured because it was out of repair; and that the defendant knew it was out of repair, or that it had been out of repair long enough so that the proper officers of the village might have ascertained that fact by the exercise of due care. This count does describe minutely the defects in the construction of the walk, but it does not charge that such defective construction was the cause of plaintiff's injuries. On the contrary, it avers that by reason of said defective construction said sidewalk, long before plaintiff was injured, became in bad and unsafe repair and unfit for travel, and it describes fully the particulars in which it became out of repair, rotten, broken, the nails rusted, etc., and that it so remained long after its condition was known to defendant, and a longer space of time before plaintiff was injured than was reasonably necessary for defendant to have learned of

its dangerous condition and remedied the same if defendant had used ordinary diligence; and that by reason of its defective material and construction it had been necessarily out of repair such a length of time that defendant by the use of ordinary diligence might have known that fact; and that plaintiff tripped and stumbled upon and against one of the broken and unfastened boards of said wall, and was thrown and injured. This is not attributing plaintiff's injury to the original faulty construction of the walk, but to its being out of repair; and it differs from the ordinary declaration in such a case only in charging that the reason why it became out of repair was because it was improperly constructed in the first place, which was wholly immaterial. We are of opinion the court below properly construed the count.

3. Plaintiff's instructions Nos. 9 and 11 were properly refused because they embodied the element of the original faulty construction of the walk, which was immaterial, and because all that was proper in them was embodied in other instructions given at the request of plaintiff. No. 10 was properly refused because it assumed the walk was in a dangerous and unsafe condition. The duty of defendant to ascertain its sidewalk was out of repair, and to repair it, was fully stated in other instructions given for plaintiff. The 12th, among other things, required the officers of the' village to make examinations of its sidewalks " with sufficient frequency." The meaning of this term was not explained. It involved the determination of a question of law, and the court properly refused to submit it to the jury. (LaPorte v. Wallace, 89 Ill. App. 517.) The instructions given for defendant were in harmony with the views herein expressed.

4. The first count and the first additional count of the declaration were in the usual form for injuries upon and caused by a sidewalk out of repair, and of which the authorities had notice or might have had notice by the exercise of due care. It is admitted in plaintiff's brief that she failed to make such a case.

The judgment is therefore affirmed.