Mary Farley, Appellee, v. Wabash Railroad Company, Appellant.

Gen. No. 5206.

1. NEGLIGENCE—*when declaration states cause of action.* A declaration states a cause of action which charges negligence generally in carelessly and improperly driving and managing a locomotive engine, etc.

2. NEGLIGENCE—*competency of proof showing failure to ring bell or blow whistle.* Notwithstanding the negligence relied upon was not a failure to observe the statute requiring the ringing of a bell or the sounding of a whistle at street crossings, the fact that the bell was not rung or the whistle was not blown at the place of the injury in question, is competent as bearing upon the question of the exercise of due care by the plaintiff.

3. PLEADING—*what defect in declaration cured by verdict.* The fact that the allegations of the declaration confine the exercise of due care by the plaintiff to the precise time of the accident in question, is not material after verdict.

4. EVIDENCE—*when remarks of husband to wife at time of accident competent; when not.* What the husband of the plaintiff said at the time of an accident is competent so far as responded to by the plaintiff but what he may have said at such time to the plaintiff is not competent if no response thereto was made.

5. INSTRUCTIONS—*must be clear.* An instruction confused and ambiguous in form and which states a mere abstract proposition of law, should be refused.

Action in case for personal injuries. Appeal from the Circuit Court of Livingston county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the April term, 1909. Affirmed. Opinion filed October 19, 1909. Rehearing denied April 6, 1910.

R. S. McILDUFF and B. R. THOMPSON, for appellant; JAMES L. MINNIS, of counsel.

White & Tuesburg and William Wilson, for appellee.

Mr. Presiding Justice Dibell delivered the opinion of the court.

On March 12, 1906, Mrs. Mary Farley was driving east on an east and west highway about half way between the villages of Emmington and Campus in Livingston county, and was driving across the Wabash Railroad tracks, which intersect the highway there from the southwest to northeast at an angle of 45°. It was storming and the wind was blowing strongly from the north. A freight train drawn by two engines, coming from the southwest, struck the hind part of one of the hind wheels of the buggy in which Mrs. Farley was riding and threw the buggy and Mrs. Farley and a little girl riding with her some distance and inflicted injuries upon Mrs. Farley, to recover damages for which she brought this suit. The declaration contained a single count which, after describing the highway and plaintiff's conveyance and the railroad and its engines and train of cars, operated by its servants driving towards said crossing, proceeded as follows: "And while the plaintiff, with all due care and diligence, was then and there riding in said buggy, across the said railroad at the said crossing upon the said public highway there, the defendant then and there by its said servants, so carelessly and improperly drove and managed the said locomotive engine or engines and train that by and through the negligence and improper conduct of the defendant by its said servants in that behalf, the said locomotive engine or engines, and train, then and there ran and struck with great force and violence upon and against the said buggy, and thereby the said plaintiff was then and there thrown with great force and violence, from and out of the said buggy, to and upon the ground there, and was thereby then and there greatly bruised," etc. Defendant pleaded not guilty and there was a jury

trial and a verdict for plaintiff for $750 from which defendant prosecutes this appeal.

It is contended that the declaration does not state a cause of action. This form of declaration has been often approved in this state, from Chicago City Ry. Co. v. Jennings, 157 Ill. 274, to Chicago City Ry. Co. v. Pural, 224 Ill. 324. These and kindred decisions are all founded on a number of forms given by that fountain-head of correct common law pleading, Chitty, in 2 Chitty's Pl. 708 to 715. It is further contended that the language of this declaration confines plaintiff's exercise of due care to the exact instant when she was upon the rails of the railroad track and confines the charge of negligence against defendant to the same instant of time and to the same exact place, and that plaintiff should have averred that she exercised due care as she approached the railroad and should have averred that defendant was negligent as its train approached said highway crossing. It is to be noted that this contention is made after verdict, when many imperfections are treated as cured, under the principle quoted from Chitty's Pleading in Gerke v. Fancher, 158 Ill. 375, and many other decisions in this State, as follows: "Where there is any defect, imperfection or omission in any pleading, whether in substance or in form, which would have been fatal objections upon demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give or that the jury would have given the verdict, such defect, imperfection or omission is cured by verdict." Under this rule, it has been held that failure to make the necessary averment that defendant had notice of the defect is cured after verdict. City of East Dubuque v. Burhyte, 74 Ill. App. 99, 173 Ill. 553; C. & E. I. R. R. Co. v. Pittman, 231 Ill. 581; Boyce v. Tallerman, 183 Ill. 115; Sargent Co. v. Baublis, 215 Ill. 428. The case last cited holds that the failure to al-

lege in what respect defendant is negligent is cured by verdict. In Chicago Genl. Ry. Co. v. Carroll, 189 Ill. 273, the original declaration was like the declaration in this case. Afterwards, additional counts were filed, charging excessive speed and also knowledge in the defendant. It was held that the matters charged in the additional counts could have been proven under the original declaration. In the case before us plaintiff did not confine her proof of the care she exercised to the instant when she went upon the crossing, but introduced proof of her efforts to ascertain whether any train was approaching when she was a considerable distance from the crossing. She did not confine her proof of negligence by the defendant to the instant when the train reached the crossing, but called a number of witnesses whose testimony tended to show that no bell was rung or whistle sounded as defendant's train approached the crossing. The instructions given at her request did not confine the inquiries as to due care and negligence to the instant of the collision upon the crossing, but related to the situation and conduct of both parties as described by the evidence at the time of and prior to the injury, and required of plaintiff the exercise of ordinary care for her own safety at the time of and prior to the injury. We are of opinion therefore that, after verdict, it is not to be held that this declaration should be construed to charge only that plaintiff exercised due care when she was on the railroad track and that defendant was negligent at the instant that it drove its train upon the highway crossing, but that the words "then and there" in the portion of the declaration quoted should be treated as having as extensive a meaning as the evidence introduced in its support. We treat the declaration as charging that plaintiff exercised due care as she approached and went upon the crossing, and that defendant was negligent as it drove its train towards and upon the crossing.

Plaintiff introduced evidence tending to show that no bell was rung or whistle sounded as this train ap-

proached the crossing. The ringing of a bell or sounding of a whistle at a certain distance from a public highway crossing is required by statute and a violation of this statute was not in terms alleged in the declaration, and it was said in Chicago City Ry. Co. v. Jennings, *supra, arguendo,* that a violation of that statute must be specially averred in the declaration in order to authorize a recovery for such violation. It is not necessary to decide whether the rule in this state is as stated in that case by way of argument and illustration, for it is competent to prove that a bell was not rung or a whistle sounded at a place where the statute did not require it (I. C. R. R. Co. v. Aland, 192 Ill. 37; Reidel v. C. R. I. & P. Ry. Co., 144 Ill. App. 424), for its bearing upon the question whether plaintiff was exercising due care as she approached the crossing. If the whistle was not sounded and the bell was not rung, then these elements did not exist to attract the attention of an ordinarily prudent person or of plaintiff.

It is contended that plaintiff was not exercising due care as she approached the crossing. It was cold and storming, and a high wind was blowing from the north towards the approaching train. The train came through a cut in the earth about ninety rods from the highway. As its direction was from due southwest to due northeast, the train in a sense approached the plaintiff from behind. It was running at a speed variously estimated at from thirty to fifty miles per hour, and slightly down grade after it left the cut. Plaintiff testified that twice before she reached the crossing, the first time a considerable distance therefrom, she leaned forward and looked back up the track around the curtains of the buggy, which were down, and did not see the train. As she drove upon the tracks she looked again and discovered the train just upon her. No other witness testified to seeing her make these observations. The trainmen swore that the whistle was sounded at the regular distance from the crossing,

and that the fireman then started the bell to ringing. This was an automatic bell, but that fact does not aid defendant, since it is conceded that it was not kept ringing as they passed through the country, but was started when they approached a crossing, so that the question whether it was operated at this time depended upon human memory and human agency and not upon the faithfulness of the automatic mechanism. These trainmen had left Decatur with that train about six or seven o'clock that morning and they reached this crossing at about half past five o'clock in the afternoon, and may very well have been tired and not as closely attentive to their duties as earlier in the day. They were all employes of the defendant and subject to serious criticism if they failed to give the statutory signals. On the other hand, not only did plaintiff testify that she heard no bell or whistle, but she was also corroborated by a number of other persons, several of whom were not shown to be in any way in her interest except as neighbors. A man standing on the platform of a windmill, forty feet above the ground, testified that he saw this train approaching and heard no whistle or bell. A woman who was east of the crossing and walking towards it, saw plaintiff in the buggy and saw the approaching train and heard no whistle or bell. A woman located upon a porch facing that situation, gave like testimony. Two women, standing at the west window of a house east of the crossing, were looking directly at the buggy and the train and feared that the buggy would be struck by the train. One of them was the daughter of plaintiff and the other the mother of the little girl who was in the buggy with plaintiff. They testified that they heard no bell or whistle. All of these witnesses and some others were looking at this train and this buggy. Some of them were, we think, properly permitted, after stating their location and their previous experience in noticing and hearing railroad bells and whistles, to

testify that if a bell had been rung or a whistle sounded, they would have heard it, in their judgment. Upon this state of the evidence, the jury have in effect found that plaintiff was in the exercise of due care, and the trial judge has approved that finding. We regard this as the difficult question in the case. If the jury had found that plaintiff was not in the exercise of due care and the trial judge had approved that finding, this court could not reasonably have disturbed it, but we are also of the opinion that, under this conflicting testimony, a verdict either way as to plaintiff's care, approved by the trial judge, could not be disturbed here on the  ground that it is not supported by the evidence.

It is contended that the proof did not justify a finding that the defendant was negligent. The instructions given at plaintiff's request on this subject were not based upon a violation of the statutory duty but submitted to the jury the question whether defendant had exercised ordinary care to give reasonable warning to any one approaching said railway crossing for the apparent purpose of crossing over the tracks. As already said, the evidence was very conflicting upon the question whether any warning was given of the approach of the train to this highway crossing. The evidence was conflicting as to whether its speed was thirty or fifty miles per hour. The train came through a partial cut at an angle of 45° to the highway and with the wind blowing strongly against the train, so that the noise of its motion might not be heard. All these were conditions of which defendant's servants were necessarily cognizant. If the whistle was sounded eighty rods or more beyond the crossing and then the bell was kept continuously ringing till the crossing was reached, defendant could not reasonably be found guilty of negligence. If, however, this train approached that crossing at that angle against a strong wind and gave no signals, the jury were warranted in finding that defendant had not exercised

reasonable care to give warning of the approaching train. The jury and the trial judge saw all the witnesses and heard them testify and believed those for the plaintiff. Plaintiff had quite as many witnesses on this subject as defendant. We would not be warranted in disturbing the verdict on this subject.

Defendant sought to prove certain remarks made by the husband of plaintiff after he reached the wreck of the buggy, and this evidence was not permitted. The court permitted that which the husband said where plaintiff made a response, but as to the matter which defendant deemed material the witnesses were unable to say, on an examination in the absence of the jury, whether plaintiff made any reply and, if so, what she said. We think this ruling correct. Plaintiff's husband could not make testimony against his wife by any reference to past events, but if plaintiff made any answer thereto, or by silence admitted anything material, then the whole conversation would have been competent.

The court gave thirty-two instructions for defendant without modification, and modified and gave five other instructions for defendant, so that almost every possible phase of the law upon which defendant was entitled to instructions was covered by those which were given. The court refused six instructions requested by defendant. In the main they are covered by those that were given. Complaint is made of the refusal of No. 37, upon the relative value of affirmative and negative evidence. It was confused and ambiguous and was a mere abstract proposition of law. It was therefore not error to refuse it. A. T. & S. F. R. R. Co. v. Feehan, 149 Ill. 202, 212.

The judgment is therefore affirmed.

*Affirmed.*