JOHN TALBOT, Respondent, v. CHICAGO & ALTON RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 22, 1897.

1. **Passenger Carriers:** PROPER PLACE TO ALIGHT: CONTRACT: JURY QUESTION. A railroad company under its contract agrees not only to carry the passenger safely but to furnish him a reasonably safe place to alight, and an action accrues to the passenger for injuries resulting from a failure to furnish such place; and whether such place is reasonably safe is a question for the jury.

2. ———: PLACE OF ALIGHTING: CONTRIBUTORY NEGLIGENCE. Where the passenger is unacquainted with the surroundings of the station, he is justified in assuming that he can alight with safety at the place where the brakeman invites him to and is not guilty of contributory negligence in so doing.

*Appeal from the Howard Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

*Geo. Robertson* for appellant.

(1) The plaintiff is not, under the evidence, entitled to a verdict. Lawson on Bailments, sec. 654; Hutchinson on Carriers, sec. 642; Beach on Con: Neg., sec. 160–163; *Eckerd v. R. R.*, 70 Iowa, 353; *Cutwright v. R. R.*, 52 Mich. 606; 50 Am. Rep. 274; *Hicks v. R. R.*, 46 Mo. App. 304; *Stanley v. Union Depot Co.*, 114 Mo. 611. (2) Plaintiff's second instruction is error, for it in effect relieves him from any care on his part, and further, it is error in telling the jury that the plaintiff had the right to assume that it was a safe place to alight when he could see the situation as well as any employee of defendant and was as much of a judge under the circumstances of the propriety of alighting at the point as any person could be.

*Sam C. Major* and *W. M. Williams* for respondent.

(1) The demurrer to the evidence was properly overruled. It was the defendant's duty to provide a reasonably safe place at its stations for the passengers upon its trains to alight. *R'y v. McLane*, 32 S. W. Rep. (Tex.) 776; *McDonald v. R'y*, 55 N. W. Rep. (Ill.) 102; *Poole v. R'y*, 25 L. R. A. (Mich.) 744; *Cartwright v. R'y*, 18 N. W. Rep. (Mich.) 380; Hutchinson on Carriers, sec. 648; *Quinn v. R. R.*, 43 Hun. 640. (2) Plaintiff's second instruction was properly given. When the train was stopped, the station announced, and the gates opened, the plaintiff had the right to assume that it was at a proper place for him to alight, and if, in doing so, he exercised such care as an ordinarily prudent person would have done, he was not guilty of contributory negligence.

GILL, J.,—This is an action to recover for personal injuries received by the plaintiff when alighting from one of defendant's passenger trains on which he was a passenger. Plaintiff had judgment below and defendant appealed.

On this appeal the main question is, whether or not the trial court should have taken the case from the jury and given a peremptory instruction for defendant. After a careful consideration of the evidence as set out in the record, we feel constrained to answer this proposition in the negative. There was abundant evidence to sustain the charge as to defendant's negligence and far from a conclusive showing of the countercharge of contributory negligence on plaintiff's part.

STATEMENT.

The facts which the evidence tended to prove were as follows: About noon of September 10, 1895, plaintiff became a passenger on one of defendant's trains to go from Higbee to Clark. The train consisted of three passenger coaches, and all were crowded—so much so that plaintiff only found standing room in the rear car. Each car had iron gates on the platform, and these were in charge of gatemen whose duty it was to keep same closed except when passengers got on or off the train. As the train approached Clark station, the gateman in charge of the gates between the second and rear car called out the name of the station, and as the train stopped passed to the platform, opened the gate at the rear of the second car, and invited the passengers seeking to alight from the rear car (among whom was plaintiff) to get off there. There was an ample depot platform at the station but the train was negligently stopped short so that only the first or smoking car and front end of the middle car came alongside this platform. The hind end of the second car and entire length of rear car was stopped west of the platform,

leaving the car steps eighteen to twenty four inches above the ground where there were railroad tracks, ties, cinders and broken rocks.    Notwithstanding this, the gateman, as already stated, opened the iron gate at the rear end of the middle car, stepped down upon the ground, and invited plaintiff and the other passengers preceding him to get off.   These other passengers got down safely, but as plaintiff's right foot came to the ground, it rested upon a rock, railroad tie or rail, causing his ankle to suddenly turn, and he was thrown to the ground and seriously injured.

The law governing the case is plain and well settled. It was the duty of the railroad company, not only to carry the passenger safely, but to furnish him a reasonably safe place to alight from the train.  Until this was accomplished the contract of carriage still continued—the relation of passenger and common carrier yet existed. The defendant had provided at Clark station good and sufficient facilities for the ingress and egress of its passengers, but its employees operating the train failed to place the cars alongside thereof so the depot platform could be used.   This was negligence, and if the point where the plaintiff's car was stopped and he was invited to alight was not a reasonably safe place for passengers to leave the train, and plaintiff was, without fault on his part, injured thereby, then a cause of action accrued to such passenger and he must recover.  Hutchinson on Carriers, sec. 648; *Cartwright v. R'y*, 52 Mich. 606; *R'y v. McLane*, 32 S. W. Rep. 776.

*Passenger carriers: proper place to alight: contract: jury question.*

As to whether or not the place in question was a reasonably safe place for passengers to get off the train was a proper question for the jury.   There was substantial evidence  to prove that it was not safe.

Defendant's counsel has said much in his brief as to the alleged want of due care on the part of the plain-

——: place of alight-
ing: contributory
negligence.

tiff—that he was guilty of contributory negligence in failing to look more carefully as to where he was stepping, and that he ought to have gone forward through the other cars to a point where he could have stepped onto the depot platform, and thereby have avoided injury.

The scope of the testimony is a complete answer to this question. In the first place the plaintiff seems to have been ignorant of the surroundings; he had never before gone to Clark station on defendant's road, knew nothing of the arrangement of the depot and its platform, and was not at the time aware of the exact situation of the forward cars. Besides he was invited to get off where he did—the brakeman or gate tender so conducted himself as to assure the plaintiff of the safety of alighting at the point in question. Plaintiff was justified in assuming that he could leave the train there and that there would be no danger in. stepping from the car steps at a place designated by the train man. We think it was proper to submit the question of contributory negligence to the jury. It can not be said that the evidence, without contradiction, established the charge of want of ordinary care on plaintiff's part; the court then properly left a decision of that question to the jury.

This disposes of all the questions deserving mention in an opinion. The other objections have been considered and are found entirely without merit. Defendant had a fair trial, the issues were intelligently and correctly submitted on proper instructions, and the judgment must therefore be affirmed. It is so ordered. All concur.