THE CHICAGO CITY RAILWAY COMPANY

*v.*

MARY PURAL.

*Opinion filed December 22, 1906.*

1. TRIAL—*when rate of speed of street car is a question of fact.* Whether the street car upon which plaintiff was riding was being run at a high rate of speed is a question of fact for the jury, where the collision causing the plaintiff's injury occurred at a street intersection, and one witness testified the car was running ten miles an hour, another that it was going "very fast" and another "at a rapid speed."

2. SAME—*whether collision was caused by failure of the brake to work is a question of fact.* If the plaintiff in an action for injuries received in a street car collision makes a *prima facie* case by showing that the car on which she was riding was run at a rapid speed over the intersection with another street car line without stopping, the question whether such case is overcome by proof that the collision resulted from a failure of the brakes to work is a question of fact for the jury.

3. PLEADING—*what allegation of negligence is sufficient in collision case.* An allegation in a declaration in an action for injuries to plaintiff in a street car collision, that the motorman and conductor wrongfully, carelessly and improperly caused the car to go and be brought into contact with a certain other car, so that the

front end of the latter came into contact with and collided with the car on which plaintiff was riding, is sufficient.

4. INSTRUCTIONS—*when omission of word "reasonably" is not error.* An instruction requiring a carrier to use "the highest degree of care and caution, consistent with the practical operation of the road, to provide for the safety and security of the passenger while being transported," is not erroneous in not having the word "reasonably" inserted before the word "consistent."

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding.

WILLIAM J. HYNES, SAMUEL S. PAGE, and WATSON J. FERRY, (MASON B. STARRING, of counsel,) for appellant.

SCOTT OSTEN CAVETTE, (BARRETT & BARRETT, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment of the superior court of Cook county in favor of appellee for $1875 damages for personal injuries alleged to have been received by her while a passenger upon one of appellant's cars on its Thirty-first street line, in the city of Chicago, in a collision which took place the morning of July 16, 1902, between the car upon which she was riding east on Thirty-first street and a car going north on appellant's Wentworth avenue line, whereby it was charged that the arm of appellee was broken above the elbow, her eyes injured, the hearing of her left ear permanently affected and other permanent injuries inflicted upon her.

The declaration charges that the motorman and conductor wrongfully and negligently, knowingly, improperly and carelessly caused the Thirty-first street car, upon which appellee was a passenger, to be run and moved in an easterly direction at a high rate of speed, and wrongfully, carelessly

and improperly caused it to go and be brought into contact with a certain other car run at a high rate of speed in and along said Wentworth avenue in a northerly direction, so that the front end of the Wentworth avenue car came in contact with said Thirty-first street car.

From the evidence introduced on behalf of appellee it appears that she and her sister, on the morning of the accident, between 6:30 and 7 o'clock, took one of appellant's cars on Thirty-first street for the purpose of going to a laundry where they were both employed; that as the car approached Wentworth avenue, where the Thirty-first street line crosses that of appellant on that avenue, the motorman upon the car upon which appellee was riding made no effort to stop the car but proceeded at full speed across Wentworth avenue; that at the track intersection the car on the Wentworth avenue line, moving rapidly in a northerly direction, collided with the car on which appellee was riding, crushing in its side and throwing it off the track and against the street curb on the opposite side of the street, which collision resulted in the injuries alleged to have been sustained by the appellee in the declaration.

Appellant relies upon three propositions as grounds for a reversal: First, that the verdict is not justified by the evidence; second, the giving to the jury of appellee's third instruction; and third, the admission of improper and exclusion of proper evidence.

The usual peremptory instructions were asked by appellant and refused by the court. From an examination of the record it is apparent that there is ample evidence tending to prove negligence on the part of appellant.

It is, however, insisted, that as appellee has by her declaration charged that the direct cause of the collision was the high rate of speed at which the car was moving and has not shown that such was the fact, she therefore has failed to prove the case charged in her declaration and is not entitled to recover. If the declaration be given the narrow in-

terpretation placed upon it by the appellant, we are of the opinion there was evidence in the record fairly tending to establish the averment that the car upon which appellee was a passenger was being run at a high rate of speed at the time it collided with the car upon the Wentworth avenue line. The place where the accident occurred was at a street intersection and at the point where the north and south line of appellant crossed its east and west line, and one witness testified the Thirty-first street car was going at the rate of ten miles per hour at the time of the collision; another, that it was going "very fast," and another, "at a rapid speed." What would be a high rate of speed upon one part of appellant's tracks might be a slow rate upon another part. The question, therefore, whether the car upon which appellee was a passenger was being run at a high rate of speed at the time of the injury of appellee was a question of fact for the jury. We do not think, however, the declaration will bear the narrow construction placed upon it by the appellant. In addition to the charge of the high rate of speed at which the Thirty-first street car was traveling, is the allegation that the motorman and conductor wrongfully, carelessly and improperly caused it to go and be brought in contact with a certain other car running in and along said Wentworth avenue in a northerly direction, so that the front end of said Wentworth avenue car came in contact with and collided with said Thirty-first street car. There is evidence in the record fairly tending to prove this allegation of the declaration, which allegation is sufficient under the authority of *Chicago City Railway Co.* v. *Jennings,* 157 Ill. 274, where the sufficiency of a similar declaration was sustained by this court.

It is also urged by the appellant that the accident was caused by reason of the brake upon the Thirty-first street car failing to work when applied by the motorman as that car approached the Wentworth avenue street intersection. The appellee, by her proof, made a *prima facie* case, and

whether or not the case made by the appellee was overcome by the proof offered on behalf of the appellant, whereby it attempted to establish that the collision occurred without negligence on its part, necessarily raised a question of fact, which it was the province of the jury to settle.

Appellant has made numerous objections to the rulings of the trial court on the admission and exclusion of evidence, which have all been considered. Almost without exception these objections go to the question of the extent of the injury, and not to that of the negligence or liability charged. We do not consider the failure by the court to sustain an objection as to the question which elicited an answer descriptive of the condition of appellee's hearing before the accident as "good," of importance. It was not denied that the hearing of appellee was perfect before the accident, and there was other evidence as to this fact. The fact that the court refused to permit inquiry to be made, upon cross-examination of one of the witnesses, as to whether it was raining or not on the morning of the accident, when the purpose thereof was to test her recollection, cannot be deemed to be of sufficient importance to be considered as a ground of reversal. Equally trivial is the objection that the expert who testified on behalf of appellant was not permitted to state the number and character of cases of diseases peculiar to women which had been under his supervision and charge. Nearly a page of the abstract is taken up with a statement of his educational qualifications and experience, and the witness stated he had had considerable experience in that particular line of work. The other objections are of the same general character as those noted, none of which are of sufficient importance to work a reversal, or to have, in our opinion, in any manner injured appellant.

The only instruction given by the court on behalf of appellee to which objection has been made is the following:

"The jury are instructed, as a matter of law, that it is the duty of a railroad company to use the highest degree

of care and caution, consistent with the practical operation of the road, to provide for the safety and security of the passenger while being transported."

The point is made that the word "reasonably" should have been inserted before the word "consistent." We do not think such qualification necessary to a proper presentation to the jury of the law as to the duty of the carrier to its passenger. To be consistent with the practical operation of the road means in harmony with such operation, and we fail to see that there could be degrees of harmony or consistency in the practical operation of a railroad. Anything required not consistent with the practical operation of its road would be unreasonable. The word "practical," in the instruction, is a full and sufficient qualification, and the word "reasonably" would have added no other element for the consideration of the jury. An instruction nearly identical with the one here set out, and clearly open to the objection here taken, was approved by this court in *West Chicago Street Railroad Co.* v. *Kromshinsky,* 185 Ill. 92.

The appellant caused to be given to the jury, upon its behalf, the following instruction:

"With reference to the employees of the defendant in charge of the two cars in question, the court instructs you that the law did not exact or require that they should run their cars with a degree of caution that would prevent the practical operation of the defendant's road."

The appellant omitted from that instruction the element the omission of which it insists makes the appellee's instruction bad. A party cannot complain of an instruction where he has procured one of like character to be given on his behalf. *Chicago and Alton Railroad Co.* v. *Harrington,* 192 Ill. 9.

Finding no reversible error in this record, the judgment of the Appellate Court affirming that of the superior court of Cook county will be affirmed.     *Judgment affirmed.*