Stephenson, J.
 

 The Court of Appeals did not pass on the motion for judgment on the pleadings and the record does not disclose that it was requested so to do.
 

 It held that the operative facts embraced in the opening statement of counsel for plaintiff below presented a
 
 prima facie
 
 case.
 

 We think the Court of Appeals was right. The petition in the trial court certainly stated a cause of action, and the statement of counsel was as broad and comprehensive as the petition, if not more so.
 

 We are in accord with the law that the relation of carrier and passenger ceases when the person of the passenger parts company with the carrier’s vehicle, but the Court of Appeals very properly held that the railroad company owed this passenger an antecedent duty to do nothing that would tend to subject the passenger to anything more than the usual and ordinary perils of traffic; that if it created a condition that had such a tendency, a question of fact was made for the jury.
 

 We have considered the law as announced in
 
 Mahoning & Shenango Railway & Light Co.
 
 v.
 
 Leedy,
 
 104 Ohio St., 487, 136 N. E., 198;
 
 Reining, Admx.,
 
 v.
 
 Northern Ohio Traction & Light Co.,
 
 107 Ohio St., 528, 140 N. E., 84; and
 
 Cleveland Ry. Co.
 
 v.
 
 Sebesta,
 
 121 Ohio St., 26, 166 N. E., 898, and we must agree with the Court of Appeals that there is a marked distinction between the operation of a street car, which runs on a fixed track and must stop on that track, and operation of a motor bus that has at least one-half the highway at its disposal.
 

 The safe and sane point for the stoppage of a motor-bus, whether the stop be regular or irregular, is at the
 
 *283
 
 curb, where there can be no danger to the passenger who is alighting from vehicular traffic.
 

 There was a question in this case, sufficiently pleaded and stated, as to whether or not the street railway company by stopping its motorbus- in the street, ten feet from the curb, did not create a dangerous condition constituting negligence, and it was a question of fact for the jury, and the Court of Appeals did not err in its ruling. The Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., JoNes, Matthias, Day, AlleN and KiNkade, JJ., concur.