**Grace Votrian, Defendant in Error, v. L. W. Quick, Plaintiff in Error.**

Opinion filed May 29, 1933.

JOHN W. FREELS, for plaintiff in error; ROPIEQUET & FREELS, of counsel.

McGLYNN & McGLYNN, A. M. FITZGERALD and H. C. MOORE, for defendant in error.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Defendant in error will be referred to as the plaintiff and plaintiff in error as the defendant. On April 3, 1931, between 7:30 and eight o'clock in the evening, plaintiff was riding east in a Ford car driven by her husband on State Route No. 12. J. L. Hughart was driving a Chevrolet and overtook the Votrian car at a point near the Hill Filling Station and attempted to pass it on the left. Defendant, at that time, was driving west and his car collided with the Hughart car. Defendant's car also struck the Votrian car and plaintiff was injured. She sued defendant and Hughart but there was no service on the latter and the case proceeded to trial against defendant alone. The defendants were charged with concurrent negligence in driving their cars at too great a rate of speed and that defendant was driving his car about three feet over the black line and that by reason thereof there was not sufficient space for the Hughart car to pass between the other cars without a collision. Plaintiff recovered a verdict and judgment for $10,000.

Defendant insists that if he was guilty of any negligence it was not the proximate cause of the collision which caused plaintiff's injuries. The evidence on the part of the plaintiff is to the effect that as the defendant approached and reached the point of collision he was driving his car about three feet south of the black line. Defendant testified that there is a curve in the road about 300 feet east of the filling station and that as he came around the curve he saw the other cars about 700 feet away. He says that he saw the lights

of those cars when he came around the curve and when 50 feet away he saw the Hughart car turn out to go around the Votrian car. There is no evidence that the defendant then made any effort to pull over to the right so as to permit the Hughart car to pass between his car and the Votrian car. The result was that defendant's car came in contact with the Hughart car thereby throwing defendant's car around¹ so that it collided with the Votrian car.

In our opinion the evidence was sufficient to warrant the jury in finding that the defendant's negligence in driving over the black line was a proximate cause of the plaintiff's injury. Where an injury occurs through the concurrent negligence of two persons, and would not have happened in the absence of either, the negligence of both, is the proximate cause of the accident, and both are answerable; 22 R. C. L. 130. Where several causes producing an injury are concurrent and each is an efficient cause without which the injury would not have happened, the injury may be attributed to all or any of the causes, and recovery may be had against either or all of the responsible persons; 45 C. J. 924. Where several causes combined to produce injuries, a person is not relieved from liability because he is responsible for only one of them, it being sufficient that his negligence is an efficient cause, without which the injury would not have resulted, and that such other cause is not attributable to the person injured; 45 C. J. 920. Concurrent causes are causes acting contemporaneously and which together cause the injury, which injury would not have resulted in the absence of either; 45 C. J. 925. There may be more than one proximate cause of an accident, if each was an efficient one without which the injury resulting would not have occurred; *Sweet v. Perkins,* 196 N. Y. 482, 90 N. E. 50. The mere fact that the injury would not have happened but for the negligence of a third

party is not sufficient to exonerate the defendant; *Sullivan v. Ohlhaver Co.,* 291 Ill. 359. Where an injury proceeds from two causes, operating together, the party putting in motion one of them is liable as though it were the sole cause; *Fisher v. Chicago, R. I. & P. Ry. Co.,* 290 Ill. 49.

If the occurrence of an intervening cause might reasonably have been anticipated, such intervening cause will not interrupt the connection between the original cause and the injury; 45 C. J. 934. If defendant was driving his car three feet over the black line as he approached and reached the point of collision, he was guilty of negligence. He saw the Hughart car turn out to pass the Votrian car and a reasonably prudent person would have anticipated a collision unless the defendant pulled over to the right to permit the Hughart car to pass between the other cars. Defendant's negligence and Hughart's negligence were acting contemporaneously and together caused the injury, which injury would not have resulted in the absence of either. Under the evidence in this record if defendant had turned his car but a few inches to the right it would not have come in contact with the Hughart car.

Defendant insists that the court erred in refusing instructions defining proximate cause. The abstract shows that some of the instructions given to the jury are not contained therein. Error cannot be predicated upon the rulings of the court in giving or refusal of instructions unless all of the instructions are set out in the abstract; *Thompson v. People,* 192 Ill. 79; *Reavely v. Harris,* 239 Ill. 526.

Complaint is made of remarks of the trial court, but we find nothing therein that would require a reversal. In our opinion defendant was not unduly restricted in the cross-examination of Mr. Hughart. While the first four jurors were being selected plaintiff wept and became hysterical and thereupon defendant moved for a

continuance and the motion was denied. Plaintiff then left the court room and did not return until after the jury was selected. The evidence shows beyond question that she was very nervous as a result of her injuries. In our opinion we would not be warranted in reversing the judgment on the ground that the court should have continued the case.

When the defendant's car and the Votrian car collided plaintiff's head was driven through the windshield. In the opinion of the doctors she suffered a concussion of the brain but they found no broken bones and they testified they found no evidence of pressure on the brain. She sustained some cuts and other injuries and has been in a highly nervous state. The contention that the verdict is excessive, we think, is well taken. If plaintiff will file a remittitur of $5,000 in this court within 15 days from the date of the filing of this opinion, the judgment will be affirmed for $5,000, otherwise the judgment will be reversed and the cause remanded.

*Affirmed on filing remittitur; otherwise reversed and remanded.*