Martha Paris, Appellee, v. East St. Louis Railway Company, Appellant.

242

Opinion filed June 4, 1934.

FARMER & KLINGEL, for appellant.

BEASLEY & ZULLEY, for appellee.

MR. JUSTICE STONE delivered the opinion of the court.

The defendant below appeals from a judgment of the circuit court of St. Clair county awarding the plaintiff below damages of $500 in an action for negligence.

Defendant moved in arrest of judgment upon the ground that neither count of the declaration stated a cause of action. The denial of this motion is assigned as error.

Count one of the declaration alleged that the defendant was a common carrier of passengers, engaged in the business of carrying passengers for hire, by means of motorbuses which the defendant operated over the streets of the City of East St. Louis, and particularly over Market avenue and Bond avenue in the said city; that on May 14, 1932, at 10:30 p. m. plaintiff became a passenger on one of the defendant's motorbuses and paid her fare; that as the said bus was traveling west on Bond avenue, after it had passed Eighteenth street and before reaching Seventeenth street plaintiff gave the usual signal to stop; that the defendant maintained regular stopping places and marked the stop between Eighteenth street and Seventeenth street with a sign on the north side of Bond avenue just east of the inter-

section of Bond avenue and Seventeenth street; that because of the darkness of the night plaintiff was unaware of the fact that the bus driver drove the bus about 100 feet past the regular bus stop; that the bus driver did know or should have known that he did not stop at the regular bus stop; that the bus driver carelessly and negligently stopped the bus 100 feet beyond the designated stopping place and in the middle of the street; that while the plaintiff with due care and caution for her own safety was attempting to alight from the bus, she was struck by an automobile traveling in a westerly direction with the bus and on the north side of the bus; and that as a result of the combined negligence of the defendant and the driver of the automobile plaintiff was knocked from the bus step and greatly injured.

The second count was substantially the same as the first except that it alleged that the bus driver negligently failed to drive the bus to the curb, and stopped the bus in the middle of the street, plaintiff having no means of knowing that the bus had not been driven near the curb.

Defendant did not demur to the declaration, but entered a plea of not guilty.

Defendant's specific objections to the declaration are that neither count states facts showing any duty which the defendant violated; that on the facts stated defendant was not bound to anticipate that an automobile driver would violate the law by passing on the right side of the bus and by failing to stop 10 feet behind the stopped bus; that there is not any duty on defendant as a matter of law to have its buses driven to the curb in discharging passengers; and that there are no facts stated showing that the action of the bus driver was the proximate cause of the injury.

All that is required of a declaration is that it fairly present an issue upon the question of negligence. At this stage of the proceedings, the question of the suffi-

ciency of the declaration having been first raised on motion in arrest, every reasonable intendment of the pleadings is to be taken in favor of the pleader. *Gerke v. Fancher,* 158 Ill. 375, 380.

A declaration which states facts fairly raising a question for decision by a jury on the existence of a duty, violation of that duty, injury to plaintiff because of that violation, and due care by plaintiff, is a sufficient declaration as against the motion here presented by appellant. In our opinion each of the counts of the declaration in this case contains allegations sufficient to raise an issue of fact for the jury on each of the essentials of a case, to advise the defendant and the jury fairly what is to be tried, and to serve all the purposes of a declaration.

The cases cited by the defendant with respect to the duty of those operating street cars must be applied with reservations to the case of one operating motorbuses. The principle of law elementary to this situation requires of the carrier the highest degree of care reasonably consistent with practical operation of the carrier. *Chicago City Ry. Co. v. Pural,* 224 Ill. 324, 328, 329. The carrier is required to provide a reasonably safe opportunity for the passenger to alight. *Griswold v. Chicago Rys. Co.,* 339 Ill. 94, 98. A street car cannot be operated so as to discharge passengers at the curb. A bus can be so operated and ordinarily is so operated. Such operation is not only the most practical way of preventing automobiles from driving between the bus and the curb, but it is also the effective way to warn automobile drivers that the bus is about to discharge passengers. Conceding that no duty imposed by law requires all bus stops to be made at curbings, we think this record presents a proper issue of negligence for the jury, whether this bus should have stopped at the curb on the trip in dispute. The declaration raises that issue by its allegations, and even though on demurrer to these allegations defend-

ant would have prevailed because the duty on appellant in the second count is overstated, the declaration should not be held, on that account, insufficient to sustain a verdict, on a motion in arrest of judgment.

Whether a defendant must anticipate the illegal acts of third persons depends largely upon the circumstances of the case. It is a question whether under the circumstances a reasonably prudent man would anticipate the possibility of the particular danger and take steps to guard against it. 45 C. J. 936. We think it is a proper question for the jury whether under the circumstances the driver of the bus might reasonably have anticipated that automobile drivers would pass the bus on the right-hand side. We cannot say that as a matter of law this violation of the traffic laws could not have been anticipated. The declaration clearly raised that issue.

While no statute requires a motorbus carrier to discharge passengers at the curb, and it is true that cars may be parked along the curb, nevertheless a question of fact may be presented whether proper care for the safety of passengers requires that a particular bus should be driven to the curb when it is reasonably convenient to do so on a particular occasion. This, as we consider, is the question which was presented and tried in the instant suit.

It is next objected that the averments of the declaration do not demonstrate that the failure to pull over to the curb was the proximate cause of the injury. The declaration does allege that the driver negligently failed to stop at the proper place, that the passenger was injured while attempting to alight in the exposed place where the bus was stopped, and that the injury was caused by the combined negligence of the driver of the bus and the driver of the automobile. This fairly raises a contention and issue that the negligence of the bus driver was the proximate cause of the injury

to appellee. It charges that appellant deposited appellee, not at the usual and expected spot, but in the exposed middle of the pavement, in the path of traffic, at night, and that appellee was hit because of this negligence of appellant and the negligence of an automobile driver. ''Where an injury occurs through the concurrent negligence of two persons and would not have happened in the absence of either, the negligence of both is the proximate cause of the accident and both are answerable. 22 R. C. L. 130. Where several causes producing an injury are concurrent and each is an efficient cause without which the injury would not have happened, the injury may be attributed to all or any of the causes and recovery may be had against either or all of the responsible persons; 45 C. J. 924. . . . The mere fact that the injury would not have happened but for the negligence of a third party is not sufficient to exonerate the defendant; *Sullivan v. Ohlhaver Co.*, 291 Ill. 359. Where an injury proceeds from two causes operating together, the party putting in motion one of them is liable as though it were the sole cause; *Fisher v. C. R. I. & P. Ry. Co.*, 290 Ill. 49. . . . If the occurrence of an intervening cause might reasonably have been anticipated, such intervening cause will not interrupt the connection between the original cause and the injury.'' *(Votrian v. Quick*, 271 Ill. App. 259, 262.)

Upon the evidence presented here, and under this declaration, the jury might conclude, within their province, that the conduct of defendant's bus driver was a proximate cause of plaintiff's injury, if they believed that it was an element without which plaintiff would not have been struck, even though negligence by another was necessary to be added to the conduct of the defendant, in order that the injury to plaintiff might result.

The uncontradicted evidence definitely supports the material charges in the declaration in all matters except the instant at which plaintiff was struck, and the exact distance between the stopped bus and the curb at the time of the accident, and the distance between the stop sign and the place where the bus stopped.

There is a conflict in the testimony concerning whether plaintiff was alighting from the bus or was two steps away from the bus with the door closed, when she was struck. The testimony of witnesses as to the distance between the bus and the curb varies from 6 to 15 feet, but all testify that there was room for a rapidly moving automobile to pass. The testimony varies as to the distance the bus ran past the stop sign. The bus driver states that he stopped at the intersection of Bond avenue and Seventeenth street which would be 50 feet beyond the stop. We cannot say, as a matter of law, that the verdict would have been improper had the jury found the facts as stated by the defendant's witnesses. It is not true that the passenger carrier relation terminates in every case the instant the passenger is clear of the vehicle. For an obvious illustration see *Griswold v. Chicago Rys. Co.*, 339 Ill. 94.

Defendant objects to the refusal of the court to give defendant's instructions 1, 2, 3, 4, and 5, and to the giving of plaintiff's instructions 2, 3, 4, and 5.

Defendant's refused instruction No. 1 stated that if the plaintiff alighted safely from the bus and was afterwards struck, then the jury should find the defendant not guilty. Defendant's refused instruction No. 5 contained in substance the same charge with the addition that if the plaintiff was on the street safely and away from the bus when she was struck the jury should find the defendant not guilty. We believe that defendant's given instruction No. 1 covers the situation even more favorably to the defendant than the refused instructions, and perhaps more favorably

than defendant was entitled to. The court instructed as follows:

"The Court instructs the jury that a common carrier of passengers, such as the East St. Louis Railway Company at the time of the operation of its bus line complained of in this suit, is not a guarantor of the safety of passengers; and you are further instructed that if you believe from the evidence that the plaintiff, Martha Paris, had alighted from the defendant's bus and was safely on the street before being struck by the following automobile, if you believe from the evidence she was struck, then you are instructed that the relation of passenger and carrier between the defendant Railway Company and the plaintiff Martha Paris had ceased, and the company did not owe her the duty to see that she was safely up on the sidewalk at and immediately before the time of her injury, and if you find such facts from the evidence then you should find the defendant not guilty."

The court gave a similar instruction further emphasizing the termination of the passenger carrier relation in defendant's instruction No. 3 as given.

Defendant's refused instruction No. 2 stated that the law did not require a carrier to drive its motorbus to the curb to discharge its passengers. We think defendant's given instruction No. 1 above quoted stated all that defendant was entitled to have stated to the jury in this regard. The refused instruction would tell the jury that it was never the duty of the carrier to deposit passengers at the curbing. In this case we think the instruction asked would have been an invasion of the province of the jury.

Defendant's refused instruction No. 4 emphasized the fact that recovery can be had on the negligence charged in the declaration and on no other negligence. We think defendant's given instruction No. 5 covered this point fairly. It was:

''The mere fact that an accident occurred, and that the plaintiff was injured, of itself raises no presumption of negligence or liability on the part of the defendant for such injury. Negligence like any other material fact, must be alleged and proved by the plaintiff as alleged, by a preponderance of the evidence, and even if you believe from the evidence that the plaintiff received the injuries complained of, yet if you further believe from the evidence that the plaintiff has not proved by a preponderance of the evidence that she was injured by the negligence of the defendant, as charged in her declaration, then the plaintiff cannot recover, and your verdict must be for the defendant.''

. Defendant's refused instruction No. 3 stated that if the accident were caused entirely by events outside of the control of defendant and by action of the driver of the automobile which was unlawful and which acts were the sole cause of the injury, then the defendant should be found not guilty. Defendant's refused instruction above was covered by defendant's given instruction No. 2:

''The Court instructs the jury that if you believe from the evidence that the motorbus of defendant on which plaintiff was a passenger had been driven ahead of the vehicle which came into collision with plaintiff; and if you further believe from the evidence that such vehicle or automobile which collided with the plaintiff, if you believe from the evidence that it did that, was traveling in the same direction as defendant's motorbus, and in the rear of it, then you are instructed that such automobile had no right to pass the bus ahead of it on the right-hand side, if you believe that it did that, but must pass such bus, if at all, on the left-hand side; and if you further believe from the evidence that said automobile which came into collision with the plaintiff unlawfully passed on the right side of defendant's bus and collided with and injured the plaintiff as

complained of in her declaration in this cause, and that this was the sole cause of the injury to the plaintiff, then you should find the defendant Railway Company not guilty.''

We think that except as to defendant's refused instruction No. 4, all the refused instructions might fairly be rejected as abstract and likely to confuse as applied to this case.

The court is not required to duplicate the substance of instructions given for either party. (*Clifford v. Pioneer Fire-Proofing Co.,* 232 Ill. 150.) We think the charges were on the whole fairly given, and if erroneous they were so in being favorable to the defendant.

While it is not advisable as a matter of practice we do not find any harmful error in the fact that the court gave two instructions for the plaintiff defining due care in substantially the same language.

Plaintiff's given instruction No. 4 defined the duty of a carrier with respect to persons riding thereon and alighting therefrom. Defendant's objection is that the instruction assumes that plaintiff was riding on the bus when injured. We think not. There was some evidence tending to show that plaintiff was injured while alighting. Plaintiff was entitled to instructions covering this theory of the facts.

Defendant objects to plaintiff's given instruction No. 5 on the ground that it assumes that there was combined negligence between defendant and the driver of the automobile. The instructions preceded the objected portion with ''if you further believe from the greater weight of the evidence'' and followed it with, ''if the same is shown by the evidence.'' We do not believe that it was faulty in assuming facts.

We find no error in the trial of the cause and the judgment is therefore affirmed.

*Judgment affirmed.*