Ethel Murphy, Appellee, v. George W. Brichler,
Appellant.

DADY, J., dissenting.

Heard in this court at the October term, 1939. Opinion filed March 9, 1940.

KRAMER, CAMPBELL, COSTELLO & WIECHERT and NORMAN J. GUNDLACH, all of East St. Louis, for appellant.

LOUIS BEASLEY and EDW. C. ZULLEY, both of East St. Louis, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

Appellee, Ethel Murphy (hereinafter referred to as plaintiff), recovered judgment in the circuit court of St. Clair county in the sum of $5,000, against appel-

lant, George W. Brichler (hereinafter called defendant), for personal injuries sustained by plaintiff as the result of a fall into a cellar opening, which occurred on premises owned by the defendant, but occupied by tenants.

The complaint alleged in substance (as is also shown by the facts), that the premises owned by defendant consisted of a two-story brick building located in the city of East St. Louis; that the first floor was occupied by a tenant who operated a tavern, which was used by the public; and that the second floor consisted of living quarters, which were occupied by another tenant. The defendant reserved the garages in the rear of the building for his own use. It was alleged in the complaint that he had constructed a certain trapdoor, which opened into the concrete porch (in the rear of the premises which he rented to tenants), for access to the basement by means of a stairway; and it was further alleged that the porch, trapdoor, and stairway were reserved by the defendant under his control and possession for the use of his tenants as a common passageway and approach by such tenants, and by members of the public generally, who patronized the tavern located on the first floor of the premises.

There were allegations of negligence in failing to provide a light, or guard rail near the trapdoor on the rear porch; and it was further alleged that the trapdoor in the rear porch remained open and unguarded, and that all of such facts were known to the defendant and were not known to the plaintiff prior to the time of the injury. It was also disclosed by the evidence that the defendant maintained grass and flowers, in the front of the building which was leased to the tenants, which grass and flowers were cultivated by the defendant.

The defendant testified that the basement, to which the trapdoor led, was "for the use of the whole outfit." It was shown that both tenants used the cellar door

and steps, and it was also shown that members of the general public entered the tavern from the rear door where the concrete porch was located. The evidence likewise disclosed that the defendant had placed a row of posts along the property line back of the tavern to keep people from driving over that portion of the yard. The defendant also testified that after the accident he placed a lock upon the cellar door and kept the key in his place of business. It was expressly stated, at the time such evidence was presented, that the evidence was being offered for the limited purpose of establishing that defendant retained control of such stairway and trapdoor which was used in common by the tenants.

It was further shown by the evidence that the plaintiff on the night of August 6, 1937, after having visited with her husband in the tavern (in which she did not partake of any alcoholic liquors), left by the rear door and fell into the open trapdoor, as the result of which she sustained serious injuries. One witness testified to the effect that around six o'clock in the evening prior to the accident, the defendant had entered the basement through the trapdoor and had left the cellar door open. It was stated that such cellar door was not closed until after the accident had occurred. Defendant denied that he had been in the basement, or had left the trapdoor open. The plaintiff testified that as she left the tavern along the concrete porch, she intended to cross an adjoining vacant lot to join her daughter. She stated that it was dark and that she was unable to see that the trapdoor was open, and that after she had taken a few steps upon leaving the rear of the premises, she had fallen into the open hole.

Defendant presented motions for directed verdict at the close of plaintiff's evidence, and at the close of all the evidence. Such motions were denied, and the jury which heard the case returned a verdict for plaintiff in the sum of $5,000. Motion for new trial was likewise

denied, and judgment was entered for plaintiff on the verdict.

Defendant contends that the trial court erred in refusing to direct a verdict for the defendant, and against the plaintiff, at the close of all the evidence, for reasons which are generally summarized as being, that plaintiff had failed to prove her case by the *quantum* of evidence required by law; that there was no duty or breach of any duty by defendant to plaintiff; and, that in any event there was not sufficient evidence of negligence on part of the defendant, or such negligence as contributed in whole, or in part, to the injury. General assignments that the verdict was contrary to law and the manifest weight of the evidence are, likewise, presented, as well as certain objections to the admission of testimony on behalf of plaintiff, and to the giving of instructions on behalf of plaintiff, which will be considered later in this opinion.

It is first contended by defendant that he, as owner of the premises, is not responsible for the injuries to plaintiff, but that if anyone on the premises was responsible, the responsibility was that of his tenants. This contention cannot be maintained under the facts. It has long been the settled law of this State that the landlord who rents various parts of a building to different tenants and maintains control of the porches, stairs, porchways, hallways, or other means of approach to the several portions of the building, for the common use of his tenants, has the duty to use reasonable care to keep the premises in a reasonably safe condition, and he is liable for an injury which results to persons lawfully in such building from his failure to perform such duty (*Payne v. Irvin,* 144 Ill. 482; *Mueller v. Phelps,* 252 Ill. 630, 633; *B. Shoninger Co. v. Mann,* 219 Ill. 242). Under the evidence in this case it cannot be said, as a matter of law, that the defendant was not under a duty to plaintiff, or that defendant was not guilty of any negligence proximately causing

the injury sustained by plaintiff. The evidence presented on the trial tended to sustain the allegations of plaintiff's complaint as to the liability of defendant, and this court may not now reverse the conclusion of the jury, as a matter of law, under the evidence, simply because the evidence on this subject was conflicting.

The defendant, likewise, contends that the plaintiff was guilty of contributory negligence, as a matter of law, for the reason that she left the premises by way of the rear door when there was available a front and side door for public use, and on the basis of various other alleged specific omissions to exercise due care and caution for her own safety. The evidence does not justify this court in concluding, as a matter of law, that plaintiff was guilty of contributory negligence. Plaintiff would not be required to be on the lookout for open trapdoors even though she may have known of the existence of such trapdoors (*Sprengel v. Schroeder*, 203 Ill. App. 213, 215; *B. Shoninger Co. v. Mann*, *supra*), and she was, likewise, not charged with anticipating dangers and negligent conditions, but had the right to assume that defendant had done his duty to give proper warning of hidden dangers (*Pollard v. Broadway Cent. Hotel Corp.*, 353 Ill. 312, 320). Under the evidence, as presented in the trial of this case, the question of contributory negligence, if any, on part of the plaintiff, was exclusively a question for the jury (*Pauckner v. Wakem*, 231 Ill. 276, 282; *Mueller v. Phelps, supra*).

It is, likewise, contended by defendant that the court erred in admitting evidence to the effect that defendant put a lock on the cellar door after the accident occurred, and kept the key in his office in the undertaking parlor, and, likewise, that he thereafter put a railing around the trapdoor. A portion of such evidence was presented over objection on part of defendant, but it was expressly limited, and offered for the purpose of establishing the fact of control of the prem-

ises. Under such circumstances it was not error to present such evidence (*Kellems v. Schiele,* 297 Ill. App. 388, 394).

Defendant also contends that the receipt in evidence of hospital records, which were introduced in evidence by plaintiff over defendant's objection, constitutes reversible error because entries in such records were not made by the doctor, who testified, or in his presence, but were made by internes, or other persons at the hospital. It was shown by the evidence, however, that the doctor who testified personally, stated that all of the records which were introduced pertaining to the condition of plaintiff, were correct, and in the same condition as when they were made at the hospital. The records to which reference is made, and to which the objection is sought to be raised, do not appear in the abstract. A court will not search the transcript of record for the purpose of finding a cause for reversal (*Welch v. City of Chicago,* 323 Ill. 498, 501, 502), and in absence of any showing wherein defendant was prejudiced by the admission of such records in evidence, defendant's contention with respect to their admission cannot be sustained (*Kimber v. Kimber,* 317 Ill. 561, 572).

It is finally contended by defendant that the court below erred in the giving of certain instructions. Two of the instructions objected to advised the jury, first, that there is an implied duty imposed by law upon a landlord to keep common passageways, porches, or cellarways, which were retained under his control and used by his several tenants as a means of access to portions of the premises leased to them, in a reasonably safe condition, and that a landlord is liable for injuries received by a person lawfully on the premises because of the landlord's neglect in performance of such duty; and (in another instruction) secondly, that if the jury believed, from a preponderance of the evidence, that the defendant rented the premises in ques-

tion to different tenants, and reserved under his control the rear porch and cellarway leading from the porch into the basement, and that the porch and cellarway were used in common by the tenants that, under the law, the defendant was required to use reasonable care to keep the porch and cellarway in a reasonably safe condition. Such instructions, under the evidence presented in this case, in the opinion of this court, could not have misled the jury. They were brief statements of the law applicable to the facts presented in evidence (*Mueller v. Phelps, supra; B. Shoninger Co. v. Mann, supra*), and while, under a different set of facts, they might have been misleading, it is the opinion of this court that no reversible error was committed in this case in the giving of such instructions.

Another instruction objected to read as follows: "The Court instructs the jury that plaintiff is not required by law to prove her case beyond reasonable doubt; it is sufficient that she prove her case by a preponderance of the evidence only." The objection raised is to the use of the word "only." We feel that, under the evidence, there is no merit to this objection, and that such instruction was proper (*Pierson v. Lyon & Healy*, 243 Ill. 370; *Chicago City Ry. Co. v. Nelson*, 215 Ill. 436).

Objection is likewise taken to another instruction, which advised the jury if it found from the greater weight of the evidence that the defendant had been guilty of negligence charged in the complaint, and had failed to perform a continuous duty in the matter of keeping the cellarway and rear porch in a reasonably safe condition, then, although it might also believe that the negligence of some other person concurred or contributed toward the accident in question, still such negligence of such third persons could be disregarded in arriving at a verdict. While this court feels that such instruction, as well as other instructions which were submitted by the plaintiff below, could be improved as

to form and clarity, still, under the law (and in view of the evidence presented herein), there was no reversible error in the giving of such instruction (*Paris v. East St. Louis Ry. Co.*, 275 Ill. App. 241, 251; *Votrian v. Quick*, 271 Ill. App. 259, 262, 263).

Defendant also objects to the giving of the stock instruction on damages in the form which has been approved many times by courts of this State (*Wolczek v. Public Service Co. of Northern Illinois*, 342 Ill. 482, 495, 496; *Walsh v. Chicago Rys. Co.*, 303 Ill. 339). Defendant's contention is that there was no evidence that any "wages" were lost, and that the instruction is erroneous for that reason. The evidence disclosed, however, that the plaintiff, who was normally occupied with household duties, had been doing some work for the board of assessors, and likewise disclosed that plaintiff was unable to do any kind of work for a long period of time, except during the few days when she did work for the board of assessors. In view of all the facts and circumstances in the case, we cannot conclude that there was any reversible error in the giving of such instruction.

There being no reversible error in the record, and substantial evidence tending to sustain all the material allegations of the complaint, having been presented by plaintiff, the judgment appealed from should be affirmed.

The judgment of the circuit court of St. Clair county in favor of the plaintiff, and against defendant, is, accordingly, affirmed.

*Affirmed.*

Mr. Justice Dady, dissenting: I disagree with the majority opinion.

This case was tried twice. On the first trial the defendant was found not guilty, but the record does not show the reason why the trial court granted a new trial. There was no evidence as to permanent injury

except as may be gathered by inference from the fact one of plaintiff's coccyx bones was fractured. By plaintiff's given instruction on damages she did not seek damages for any permanent injury. The verdict of $5,000 under the circumstances is a substantial one.

The evidence is such that this court cannot say as a matter of law that the plaintiff was in the exercise of reasonable care or that the defendant was negligent, or that the verdict is supported by the clear weight of the evidence. Therefore it was important that there should have been no material error in the instructions.

Plaintiff's given instruction number 1 was as follows:

"*The Court instructs the jury that* there is an implied duty imposed by law upon the landlord to keep in a reasonably safe condition common passageways, porches and cellarways, retained under his control and used by the several tenants as the means of access to the portions of the *premises leased to them, and that the landlord is liable for injuries received by any person lawfully on said premises because of the landlord's negligence in performing this duty.*" (Italics mine.)

Such instruction was evidently copied almost *verbatim* from an abstract proposition of law stated in the opinion in *Mueller v. Phelps,* 252 Ill. 630, 633. In *Norkevich v. Atchison, T., & S. F. Ry. Co.,* 263 Ill. App. 1, the court said: "Our Supreme Court, on a number of occasions, has commented upon the practice of converting sentences in the opinions of the court into instructions, and has held that it is a bad practice and one that often leads into serious error." (See *People v. Forte,* 269 Ill. 505, 511).

Such instruction did not advise the jury as an abstract proposition what was the duty and liability of a landlord (as stated in the majority opinion), but told the jury it was the duty of the landlord (in other words the defendant) to do certain things, and that the landlord (that is the defendant) was liable for injuries re-

ceived by any person lawfully on the premises because of the landlord's (that is the defendant's) negligence in performing such duty. The plaintiff was injured and was lawfully on the premises, and the defendant was "the landlord."

In effect this instruction was a mandatory instruction to find for the plaintiff, because it told the jury that the defendant was negligent and liable for the injuries,—without requiring the jury to find that the plaintiff was in the exercise of reasonable care.

In my opinion plaintiff's "stock instruction" on damages was erroneous in telling the jury that "in estimating the amount of damages . . . the jury have a right to and they should take into consideration all the evidence . . . relating to plaintiff's damages, if any; . . . the amount of money which the plaintiff lost as wages, if any, as a direct and natural result of such injury, if any, shown by the evidence; . . ."

Plaintiff was a housewife. I do not find any evidence showing or tending to show that the plaintiff ever earned or worked for any wages whatever prior to her injury. The only evidence as to her ever working, either before or after the injury, other than doing housework, was brought out by the defense on cross-examination of her, and which evidence was to the effect that since the injury she worked for the board of assessors, going around visiting different people in taking their assessments. She was not asked and did not testify as to her wages for such work. This portion of the instruction on damages allowed the jury to speculate as to loss of wages, without any evidence on which to base such speculation.

In my opinion the giving of these instructions was reversible error,—not cured by the giving of any other instruction.