Selma **FELDOTTO** (Plaintiff), Respondent,

v.

**ST. LOUIS PUBLIC SERVICE COMPANY,**
a corporation, and Sue Strain
(Defendants), Appellants.

Nos. 29087, 29088.

St. Louis Court of Appeals.

Missouri.

Dec. 20, 1955.

Motion for Rehearing or for Transfer to
Supreme Court Denied Jan. 13, 1956.

Carroll J. Donohue, Robert O. Hetlage, Salkey & Jones, St. Louis, for appellant St. Louis Public Service Co.

H. P. Tudor, of Strubinger, Tudor, Tombrink & Wion, St. Louis, for appellant Sue Strain.

Gragg & Aubuchon, William R. Schneider, St. Louis, for respondent.

NOAH WEINSTEIN, Special Judge.

Plaintiff, Selma Feldotto, respondent in this court, instituted this action to recover damages from defendants, St. Louis Public Service Company, a corporation, and Sue Strain (appellants), for injuries sustained by the plaintiff when she was struck by an automobile driven by defendant Strain as plaintiff was alighting from a bus operated by defendant St. Louis Public Service Company. A trial resulted in a verdict for plaintiff in the sum of $5,000 against both defendants. Both defendants have appealed.

A brief summary of the facts is necessary for an understanding of the contentions made on this appeal. In our statement of the facts we are guided by the controlling principle that after a verdict favorable to plaintiff, the reviewing court must consider the evidence in a light most favorable to plaintiff and disregard defendants' evidence unless it tends to aid plaintiff's case. Williamson v. St. Louis Public Service Co., 363 Mo. 508, 252 S.W.2d 295, 297. We must give plaintiff the benefit of all favorable inferences arising from all the evidence, and disregard defendants' evidence where it conflicts with plaintiff's evidence or fails to strengthen plaintiff's case. Sollenberger v. Kansas City Public Service Co., 356 Mo. 454, 202 S.W.2d 25, 29.

At about 11:00 o'clock on a bright clear summer morning, plaintiff, 58 years old, was a passenger on a westbound Ladue bus operated by defendant St. Louis Public Service Company. The bus was traveling over Clayton Road, a four-lane east-west highway in St. Louis County. As she boarded the bus at the Clayton Court House she asked the driver if he went to Lay Road, and he replied that he did. The regular route led westwardly on Clayton Road to Lay Road, where the bus would make a left turn to go southwardly on Lay Road.

At Lay Road the bus stopped in a position headed west on Clayton Road in the westbound lane next to the center of the road, and the driver opened the front exit doors for plaintiff to alight. After descending the exit steps, she had placed one foot on the pavement of the street, but before she had completely alighted she was struck by the left side of the front fender of the automobile of defendant Sue Strain, traveling west, and passing the bus on the right. The bus driver testified that he looked to the rear of the bus before opening the exit door, but that he saw no vehicle approaching from the east. Defendant Strain testified that she did not sound a warning signal nor swerve nor slacken the speed of her automobile. She testified that she had not observed plaintiff as plaintiff was alighting from the bus, nor at any time before plaintiff was struck.

The contention of major insistence by defendant Public Service Company is that plaintiff failed to prove a claim upon which relief could be granted against it. This contention is based, at least in part, upon a version of the facts unfavorable to plaintiff, and therefore contrary to the view to which this court is committed by basic principles of appellate review. Williamson v. St. Louis Public Service Co., supra; Sollenberger v. Kansas City Public Service Co., supra.

The courts of Missouri have often restated the legal principles applicable to carrier and passenger under circumstances such as those presented on this appeal. The contract between a carrier and a passenger continues not only during the interval of time consumed in transporting the passenger from his starting point to destination, but during the period needed for a safe exit from the vehicle as well. Kelly v. Hannibal & St. J. R. Co., 70 Mo. 604, 609; Straus v. Kansas City, St. J. & C. B. R. Co., 75 Mo. 185; Hurt v. St. Louis, I. M. & S. R. Co., 94 Mo. 255, 7 S.W. 1. The degree of care required of the carrier for a passenger's safety while he is leaving the vehicle is as high as that required while he is in transit; that is to say, the extraordinary care imposed by the law on carriers of passengers begins when the contract of carriage takes effect on the rights of the parties, and continues unimpaired until that contract ends with deposit at destination; thus protecting passengers as they get on and off conveyances. Weber v. Kansas City Cable R. Co., 100 Mo. 194, 12 S.W. 804, 13 S.W. 587, 7 L.R.A. 819; Grace v. St. Louis R. Co., 156 Mo. 295, 56 S.W. 1121. Part of this duty to safeguard passengers while leaving a car or other vehicle consists of taking care to put them off at a reasonably safe place. Talbot v. Chicago & A. R. Co., 72 Mo.App. 291; Atkinson v. Pacific R. Co., 90 Mo.App. 489; Young v. Missouri Pac. R. Co. 93 Mo.App. 267. Nor is the carrier absolved from liability merely because the passenger is not injured while in the very act of alighting or at the very spot or moment where and when he alighted. Gott v. Kansas City Rys. Co., Mo.Sup., 222 S.W. 827, 830.

The action of the bus driver in opening the exit doors constituted more than a mere invitation to alight, Fillingham v. St. Louis Transit Co., 102 Mo.App. 573, 77 S.W. 314, 319; Caley v. Kansas City, etc., Public Service Co., 226 Mo.App. 934, 48 S.W.2d 25, 29; it was an assurance to plaintiff that she could alight there with safety. Williamson v. St. Louis Public Service Co., supra; Caley v. Kansas City, etc., Public Service Co., supra.

Implicit also in this defendant's argument, although not expressly so stated, is the contention that the proximate cause of plaintiff's injuries was the negligence of the defendant motorist rather than of the defendant carrier. The general rule is "that if a defendant is negligent and his negligence combines with that of another, or with any other independent, intervening cause, he is liable, although his negligence was not the sole negligence or the sole proximate cause, and although his negligence, without such other independent, intervening cause, would not have produced the injury." Harrison v. Kansas City Electric Light Co., 195 Mo. 606, 93 S.W. 951, 956, 7 L.R.A.,N.S., 293.

In determining proximate cause the test is not whether a reasonably prudent person would have foreseen the particular injury which happened, but whether after the occurrence the injury appears to be the reasonable and probable consequences of defendant's act or omission. Floyd v. St. Louis Public Service Co., Mo.Sup., 280 S.W. 2d 74; Gray v. Kurn, 345 Mo. 1027, 137 S. W.2d 558, 567. Where several causes producing an injury are concurrent and each is an efficient cause without which the injury would not have happened, the injury may be attributed to all or any of the causes, and recovery may be had against either or all of the responsible persons, although one of them was more culpable, and the duty owed by them to the injured person was not the same. Byars v. St. Louis Public Service Co., 334 Mo. 278, 66 S.W.2d 894, 900.

The briefs filed by the parties to this appeal do not cite a Missouri precedent which is factually analogous. However, there are cases of other jurisdictions which apply basic principles identical with those of Missouri:

In Cleveland R. Co. v. Crooks, 125 Ohio St. 280, 181 N.E. 102, 103, the injured plaintiff, Mrs. Wayne Crooks, was a passenger on a motorbus which stopped at a point about ten feet from the curb. In alighting from the bus at that point, plaintiff was injured by a motor vehicle which attempted to pass to the right of the bus. Affirming the liability of the carrier, the Supreme Court of Ohio declared:

"The safe and sane point for the stoppage of a motorbus, whether the stop be regular or irregular, is at the curb, where there can be no danger to the passenger who is alighting from vehicular traffic.

"There was a question in this case, sufficiently pleaded and stated, as to whether or not the street railway company, by stopping its motorbus in the street, ten feet from the curb, did not create a dangerous condition constituting negligence, and it was a question of fact for the jury, and the Court of Appeals did not err in its ruling."

In Paris v. East St. Louis Ry., 275 Ill.App. 241, the plaintiff was a passenger on a motorbus which stopped in the middle of the street for her to alight. As she was attempting to alight, she was struck by an automobile traveling in the same direction as the bus had been moving, and on the right side of the bus. The carrier appealed from the judgment for the passenger, contending that it was not bound to anticipate that an automobile driver would violate the law by passing on the right side of the bus, that there was no duty on defendant as a matter of law to have its busses driven to the curb in discharging passengers, and finally that the conduct of the bus driver was not the proximate cause of the injury. Affirming the judgment for the passenger, the appellate court declared, loc. cit. 245:

"The principle of law elementary to this situation requires of the carrier the highest degree of care reasonably consistent with practical operation of the carrier. Chicago City R. Co. v. Pural, 224 Ill. 324, 328, 329 [79 N.E. 686]. The carrier is required to provide a reasonably safe opportunity for the passenger to alight. Griswold v. Chicago Rys. Co., 339 Ill. 94, 98 [170 N.E. 845]. A streetcar cannot be operated so as to discharge passengers at the curb. A bus can be so operated and ordinarily is so operated. Such operation is not only the most practical way of preventing automobiles from driving between the bus and the curb, but it is also the effective way to warn automobile drivers that the bus is about to discharge passengers. Conceding that no duty imposed by law requires all bus stops to be made at curbings, we think this record presents a proper issue of negligence for the jury, whether this bus should have stopped at the curb on the trip in dispute. * *

"Whether a defendant must anticipate the illegal acts of third persons depends largely upon the circumstances of the case. It is a question whether under the circumstances a reasonably prudent man would anticipate the possibility of the particular danger and take steps to guard against it. 45 C.J. 936 [65 C.J.S., Negligence, § 111]. We think it is a proper question for the jury whether under the circumstances the driver of the bus might reasonably have anticipated that automobile drivers would pass the bus on the right-hand side. We cannot say that as a matter of law this violation of the traffic laws could not have been anticipated. * * *

" 'Where an injury occurs through the concurrent negligence of two persons and would not have happened in the absence of either, the negligence of both is the proximate cause of the accident and both are answerable. 22 R.C.L. 130. Where several causes producing an injury are concurrent and

each is an efficient cause without which the injury would not have happened, the injury may be attributed to all or any of the causes and recovery may be had against either or all of the responsible persons; 45 C.J. 924 [65 C.J.S., Negligence, § 110].' "

O'Malley v. Laurel Line Bus Co., 311 Pa. 251, 166 A. 868, 869, treats of a case in which the plaintiff was a passenger on a motorbus which stopped sixteen feet away from the curb, and the exit door was opened as an invitation for him to alight. After he had alighted, and as he started towards the sidewalk, he was struck by an automobile traveling between the bus and the curb. The carrier contended that the proximate cause of the injury to plaintiff was the negligence of the driver of the automobile that struck him, and hence the defendant could not be held liable. The Supreme Court of Pennsylvania reaffirmed the statement which it had previously enunciated in Hughes v. Pittsburgh Transportation Co., 300 Pa. 55, 150 A. 153, as follows:

> " 'It suffices, as stated in the cases above cited by us, that where there would have been no injury whatever but for the continuing negligence of the defendant who first put the plaintiff in peril, and which existed when the negligence of the other turned the peril into actual injury, the negligences are concurrent, and both defendants are jointly and severally liable for the injuries thereby occasioned.' "

■ The contention of non-liability urged by the defendant carrier must be denied. The carrier's contention that plaintiff was guilty of negligence as a matter of law must likewise be denied. Negligence cannot be imputed to a passenger because she does not anticipate culpable negligence on the part of the carrier. Caley v. Kansas City, etc., Public Service Co., 226 Mo.App. 934, 48 S.W.2d 25, 29(5); Williamson v. St. Louis Public Service Co., 363 Mo. 508, 252 S.W.2d 295, 299.

■ Defendant carrier's final complaint is that plaintiff's medical witness, Dr. Scherman, based his testimony regarding plaintiff's injury upon a prior history related to him by the patient. This charge is not borne out by the record. The witness expressly testified that his conclusion of severe disability was based upon his personal examination after eliminating from his consideration any history of the case as given to him by the plaintiff, and eliminating the findings of other doctors. As the record is presented, the court committed no error in permitting Dr. Scherman to testify to his opinion, and we rule this point against defendant carrier. Phares v. Century Electric Co., Mo.App., 131 S.W.2d 879, 884.

■ Plaintiff's charge against defendant Sue Strain was submitted by instruction No. 3. We construe that instruction as an attempted submission under the humanitarian doctrine and the instruction submitted the failure of defendant Strain to stop her automobile or slacken the speed thereof, or to give a timely warning after plaintiff came into a position of imminent peril. The instruction should not have been given for the reason that it was not supported by the evidence in that there was a complete absence of evidence as to the relative positions of plaintiff and defendant Strain when the plaintiff first came into a position of imminent peril. The record does affirmatively indicate that plaintiff presented all of the essential evidence available to her.

For the reasons stated the judgment of the Circuit Court as to defendant Sue Strain is reversed without remand and as to defendant St. Louis Public Service Company is affirmed.

RUDDY, Acting P. J., and MATTHES, J., concur.